362 So.2d 335 (1978)
Earl McGOWAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-2193.
District Court of Appeal of Florida, Third District.
August 8, 1978.
Rehearing Denied October 2, 1978.
*336 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and BARKDULL and HUBBART, JJ.
PER CURIAM.
Defendant, Earl McGowan, appeals his conviction and "sentence" for robbery and unlawful possession of a firearm while engaged in a criminal offense.
We find defendant's first contention concerning the trial court's failure to instruct on the element of specific intent to be without merit. See Bell v. State, 354 So.2d 1266 (Fla.3d DCA 1978).
McGowan secondly argues that the trial court erred in ordering, pursuant to Section 775.087, Florida Statutes (1975), that he serve a minimum of three years imprisonment prior to being eligible for parole where the evidence adduced at trial established that he was not in actual possession of a firearm during the commission of the robbery with which he was charged.
The trial judge in the instant case withheld imposition of sentence and placed McGowan on ten years probation. As a special condition of probation the judge ordered that McGowan be imprisoned for seven years and further that he not be eligible for parole until he served three years pursuant to Section 775.087, Florida Statutes (1975). The judge also directed that McGowan be eligible for gain time under Sections 944.27, 29, Florida Statutes (1975).
Trial courts of this state have the general authority to require incarceration as a condition of probation for felony offenses pursuant to the general condition provisions of Section 948.03, Florida Statutes (1975). State v. Jones, 327 So.2d 18 (Fla. 1976). When incarceration is imposed as a condition of probation, such incarceration constitutes a condition of probation and not a sentence. See State v. Williams, 237 So.2d 69 (Fla.2d DCA 1970[1]); See also Fla. R.Crim.P. 3.790(a).
Nevertheless, it appears that the trial judge imposed the condition that McGowan serve three of the seven years incarceration only because of the dictates of Section 775.087, Florida Statutes (1975). To come within the purview of this statute a defendant must have actual, not constructive possession of a firearm. Earnest v. State, 351 So.2d 957 (Fla. 1977). The evidence in the record reflects that McGowan's accomplice and not McGowan was in actual possession of the firearm. Although we affirm the conditions of probation, we remand the cause to the trial court to review the imposition of the three year mandatory incarceration condition in light of the holding in Earnest, supra.
It is so ordered.
NOTES
[1] Cited with approval in State v. Jones, supra.