PER CURIAM.
Simmons pleaded guilty to six counts of armed robbery and one count of attempted murder in the first degree. His court-appointed attorney and the prosecutor negotiated the pleas upon an agreement that the prosecutor would recommend concurrent sentences. After ascertaining the factual basis for the pleas, questioning Simmons closely concerning his understanding of the recommended concurrent sentences, advising him that the sentences could be for life, the court accepted Simmons’ pleas, received and considered a presentence investigation report, and sentenced Simmons to six concurrent life terms and one consecutive ten-year term for attempted murder. Simmons later filed a motion to vacate the sentences, Fla.R.Cr.P. 3.850, alleging that the pleas were unlawfully induced and not made voluntarily, that the plea agreement, according to his counsel, was for lesser sentences, and that Simmons was denied effective assistance of counsel. The trial court reviewed the record of the proceedings, changed the consecutive sentence for attempted murder to a concurrent sentence, and otherwise found that the records conclusively show that Simmons is entitled to no relief. On Simmons’ appeal, we found that the court’s order lacked attached copies “of that portion of the files and records which conclusively [show] that the prisoner is entitled to no relief . . . .” Fla.R.Cr.P. 3.850. We therefore ordered the record supplemented, and have examined the transcripts of the plea and sentencing proceedings. Those transcripts show that the pleas were freely and voluntarily made, with understanding of the consequences. The plea bargain was stated in the record.
Simmons’ claim that he was deprived of an appeal by the default of his court-appointed private counsel was not cognizable by the trial court on a Rule 3.850 motion.
AFFIRMED.
SMITH, Acting C. J., ERVIN, J., and MASON, ERNEST E., Associate Judge, concur.