396 So.2d 1107 (1980)
Lula M. VILLERY, Petitioner,
v.
The FLORIDA PAROLE AND PROBATION COMMISSION, Respondent.
No. 57935.
Supreme Court of Florida.
October 30, 1980.
As Corrected on Denial of Rehearing April 23, 1981.
*1108 Bennett H. Brummer, Public Defender, and Robert R. Schrank, Asst. Public Defender, Miami, for petitioner.
Michael H. Davidson, Gen. Counsel for the Florida Parole and Probation Commission, Tallahassee, for respondent.
SUNDBERG, Chief Justice.
This suit raises questions concerning a prisoner's eligibility for parole under section 947.16(1), Florida Statutes (1979), when he or she has been incarcerated as a special condition of probation pursuant to sections 948.01(4) and 948.03(2), Florida Statutes (1979). Our construction of Florida's parole and probation statutory scheme will obviate the need for disposition of these questions.
Petitioner Lula M. Villery is presently a prisoner in the custody of the Florida Department of Corrections. She had pleaded guilty to five counts of knowingly issuing worthless checks in excess of fifty dollars in violation of section 832.05, Florida Statutes. The trial court withheld adjudication of guilt and imposition of sentence and placed petitioner on concurrent terms of probation for each charge, the longest of which ran two and one-half years. Following a probation violation hearing, the court adjudicated petitioner guilty of the charges and extended her probation to five years, with two and one-half years incarceration being imposed as a special condition of each probation. The jail terms were to run concurrently with two days credit being given for time served in the Dade County jail prior to the modified probation order. Because petitioner was imprisoned pursuant to a probation condition rather than a sentence, respondent Parole and Probation Commission informed petitioner that she could not be considered for parole. As a result, petitioner seeks a writ of mandamus from this Court compelling respondent to exercise its statutory duty to determine her eligibility for parole pursuant to section 947.16(1), Florida Statutes (1979). We issued an order to respondent to show cause why the writ should not be granted. Jurisdiction vests in this Court under article V, section 3(b)(5), Florida Constitution (1972).
Section 947.16(1), Florida Statutes (1979), states that every person whose sentence or cumulative sentences equal or exceed one year shall be eligible for parole. The section provides in full:
(1) Every person who has been, or who may hereafter be, convicted of a felony or who has been convicted of one or more misdemeanors and whose sentence or cumulative sentences total 12 months or more, who is confined in execution of the judgment of the court, and whose record during confinement is good, shall, unless otherwise provided by law, be eligible for consideration for parole. An inmate who has been sentenced for an indeterminate term or a term of 5 years or less shall have an initial interview conducted by a hearing examiner panel within 6 months after the initial date of confinement in execution of the judgment. An inmate who has been sentenced for a minimum term in excess of 5 years shall have an initial interview conducted by a hearing examiner panel within 1 year after the initial date of confinement in execution of the judgment. An inmate convicted of a capital crime shall be interviewed at the discretion of the commission. As used in *1109 this section, the term "confined" shall be deemed to include presence in any appropriate treatment facility, public or private, by virtue of transfer from the Department of Corrections under any applicable law.
Petitioner takes the position that incarceration as a condition of probation is a "sentence" for purposes of eligibility for parole consideration under section 947.16(1). Petitioner acknowledges the general statement in McGowan v. State, 362 So.2d 335 (Fla. 3d DCA 1978), that incarceration imposed as a condition of probation does not constitute a sentence. However, petitioner refers us to Shead v. State, 367 So.2d 264 (Fla.3d DCA 1979), where the same court expressed its doubts on whether a lengthy prison term (nine and one-half years) could be imposed as a valid condition of probation when it was imposed for punitive rather than rehabilitative purposes, and when such a device served to divest the Parole Board of its exclusive authority to parole a prisoner. Petitioner argues that unless the word "sentence" in section 947.16(1) is construed to include incarceration imposed as a condition of probation, it will violate the separation of powers clause of the Florida Constitution[1] by permitting the judiciary rather than the Parole and Probation Commission to determine the length of time a criminal defendant will in fact be required to serve in jail. In addition, petitioner argues that to classify her differently because her incarceration is labeled a "condition of probation" rather than a "sentence" would deprive her of equal protection under the Federal and Florida Constitutions[2] since there is no rational basis for such a classification.
To respond to the issues presented here we must revisit our decision in State v. Jones, 327 So.2d 18 (Fla. 1976), in which we treated the subject of incarceration as a condition of probation, also known as the split sentence probation alternative. First, however, it will be helpful to note the statutory provisions authorizing incarceration as a condition of probation.
Section 948.01, Florida Statutes (1979), authorizes the trial court to withhold imposition of sentence on a criminal defendant and instead place him on probation when it appears to the court that the defendant is not likely again to engage in a course of criminal conduct and the ends of justice do not require that the defendant presently suffer the penalty imposed by law. Section 948.03(1), Florida Statutes (1979), lists the terms and conditions of probation which may be imposed on a defendant. Section 948.03(2), Florida Statutes (1979), states that the enumeration of the terms and conditions in subsection (1) does not prevent the imposition of other conditions the court may consider proper. One of these other possible conditions includes incarceration as provided in section 948.01(4), Florida Statutes (1979):
(4) Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, direct the defendant to be placed on probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court.
In State v. Jones, supra, we approved the so-called split sentence alternative where incarceration as a condition of probation is followed by a period of probation without incarceration. In doing so, we rejected the assertion that the trial judge must first impose a total sentence immediately followed by the withholding of a part of that sentence for use in the event probation is violated. We summarized our holding in the case as follows:
In conclusion, we hold (1) the trial court may place a defendant on probation and include, as a condition, incarceration for a specific period of time within the *1110 maximum sentence allowed; (2) the trial court may revoke, revise, or modify for cause the probation and incarceration provision at any time during the period that said order is in force and impose any sentence which might have been originally imposed; (3) upon revocation, a defendant must be given credit for any period of time spent in jail pursuant to a split sentence probation order.
Id. at 25 (footnote omitted).[3] We adhere to points (2) and (3) of our holding in Jones, but for the reasons which follow we recede from point (1) and hold that the maximum period of incarceration which may be imposed as a condition of probation is up to, but not including, one year.
Two basic alternatives are available to the trial judge at the time of sentencing. He may either sentence the defendant or he may place him on probation. The term "sentence" is defined in rule 3.700 of the Florida Rules of Criminal Procedure as "the pronouncement by the Court of the penalty imposed upon a defendant for the offense of which he has been adjudicated guilty." Generally, a fine or a sentence of imprisonment or both is the "penalty" which may be imposed. Rule 3.790(a) of the Florida Rules of Criminal Procedure states that the pronouncement and imposition of a sentence of imprisonment shall not be made upon a defendant who is placed on probation regardless of whether he is adjudicated guilty. This rule is consistent with section 948.01(3), Florida Statutes (1979), which requires the court to stay and withhold the imposition of a sentence in placing a defendant on probation. Only after probation is revoked may pronouncement and imposition of a sentence be made upon a defendant. Fla.R.Crim.P. 3.790(b). In such event the court may impose any sentence which it might have originally imposed before placing the defendant on probation. § 948.06(1), Fla. Stat. (1979).
Once a sentence is imposed, a defendant falls within the jurisdiction of the Parole and Probation Commission under the authority granted to the Commission pursuant to section 947.16, Florida Statutes (1979).[4] If, however, sentence is withheld and the defendant is placed on probation, he is generally committed to the supervision and control of the Department of Corrections. The court which placed the defendant on probation retains jurisdiction over the defendant for purposes of terminating, modifying or revoking probation. See §§ 948.04-.06, Fla. Stat. (1979).
We agree with the District Court of Appeal, Third District, in McGowan v. State, supra, that incarceration as a condition of probation does not constitute a sentence. See also Olcott v. State, 378 So.2d 303 (Fla. 2d DCA 1979); Bracey v. State, 356 So.2d 72 (Fla. 1st DCA 1978). A sentence and probation are discrete concepts which serve wholly different functions. Imposed as a sentence, imprisonment serves as a penalty, as a payment of defendant's "debt to society." Imposed as an incident of probation, imprisonment serves as a rehabilitative device to give the defendant "`a taste of prison' in order to graphically demonstrate what is likely to happen to him should he violate the terms of that probation." Olcott v. State, 378 So.2d at 305.
However, while a probationer's taste of prison is intended to be unpalatable, it must not be served as the main course. Imposing a long prison term is, as adverted to by the district court in Olcott, contrary to the spirit of probation. If a long prison term serves no rehabilitative goal, then it ceases to be an incident of probation. Indeed, far from serving the ostensible goal of rehabilitation, an extended probation jail term will instead prove more punitive to defendant than will a sentence of imprisonment where *1111 the express objective is to punish the defendant. Unless otherwise provided by law, a defendant who is sentenced to imprisonment for a term in excess of five years will be eligible for parole after one year. § 947.16(1), Fla. Stat. (1979). In contrast, a probationer must serve his entire term of imprisonment. The harsh effects of extended probation terms of incarceration have been noted with concern on a number of occasions by the district courts of appeal. See, e.g., Olcott v. State and Shead v. State, supra; Freeman v. State, 329 So.2d 413 (Fla. 4th DCA 1976).
We decline, however, to adopt petitioner's suggestion that we construe a probation condition of incarceration as a sentence for the limited purpose of eligibility for parole under section 947.16(1), Florida Statutes (1979).[5] Such a construction would create a legal and administrative morass which we do not believe was the legislative intent in adopting the split sentence alternative as part of the probation authority for trial judges. For example, if a prisoner were released on parole for an offense for which he was still on probation, and the defendant were charged with a violation of his parole and probation, would the Parole and Probation Commission be required to stay any hearing for revocation of parole until the trial court decided whether to revoke probation? Could the same incident be used to revoke parole when it was not deemed serious enough to revoke probation? Which condition would control if the parole and probation conditions were inconsistent? Would a prisoner's eligibility for parole be based on his total period of probation or on only the part for which incarceration was imposed? We can only conclude that the legislature did not address these significant questions because it never contemplated the concurrent operation of parole and probation for the same offense. Rather, the separate treatment of parole and probation under the applicable statutory scheme reflects a legislative intent to maintain their separate identity.[6]
We must determine, then, the point in time at which incarceration ceases to serve a rehabilitative function and is, therefore, invalid as a condition of probation. In Olcott v. State, supra, the district court suggested that a maximum limitation of one year would be appropriate because it would avoid any conflict with section 947.16. We agree. Under section 947.16(1) a prisoner does not become eligible for parole consideration unless he has been sentenced to at least one year in prison. We construe this provision as expressing a legislative intent to limit the period of incarceration which may be imposed as a condition of probation under section 948.01(4) to a period of less than one year. If a longer period of incarceration could be imposed as a probation condition the trial judge could, in effect, negate the parole policy of this state. Where possible we must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another. State ex rel. School Board v. Department of Education, 317 So.2d 68 (Fla. 1975). Our construction of section 947.16(1) in conjunction with section 948.01(4) achieves these objectives.
For the reasons expressed in this opinion, we hold that incarceration, pursuant to the split sentence alternatives found in sections 948.01(4) and 948.03(2), which equals or exceeds one year is invalid. This applies to incarceration as a condition of probation as well as to incarceration followed by a specified period of probation. We further hold that this decision applies retroactively. Accordingly, one who has been given a split sentence probation contrary to the mandate of this decision is entitled upon application to have the illegal *1112 order corrected. In correcting the order, the trial court has the option either of modifying the order to make it legal or of withdrawing it and imposing a sentence of imprisonment. However, unless a condition of probation is determined to have been violated, the court may not extend the term of probation either with or without incarceration, nor may the court impose a sentence of imprisonment for a period of time in excess of the original total term of probation. If a condition of probation is found to have been violated, the court may modify or continue the probation or may revoke the probation and impose any sentence which it might originally have imposed before placing the defendant on probation. See § 948.06, Fla. Stat. (1979). In modifying probation or in revoking probation and sentencing the probationer, credit must be given for time spent incarcerated pursuant to a split sentence probation order. Thus in modifying a probation order, no additional period of incarceration may be imposed on a probationer who has already served one year or more of incarceration. And in pronouncing a sentence of imprisonment on a probationer whose probation has been withdrawn because of an illegal probation order, the time spent incarcerated pursuant to the probation order will be deemed to have been time spent in prison under a sentence.
Accordingly, the petition for writ of mandamus is denied.
ADKINS, BOYD and ENGLAND, JJ., concur.
OVERTON, J., concurs specially in result with an opinion with which ALDERMAN, J., concurs.
McDONALD, J., concurs in result only with an opinion.
OVERTON, Justice, specially concurring in result.
I agree with the result and the finding that incarceration of more than one year as a condition of probation is contrary to the legislative intent. I disagree with the the clear inference that probation is not a sentence. In my view, probation is a penalty and a sentence alternative which may be imposed as a "sentence" at a "sentencing hearing" held pursuant to our rules on sentencing. Clearly, probation is an alternative means of providing a less restrictive penalty for a criminal offense. The term "sentence" is used in our rules and by outside authorities to include any sentence alternative from probation to incarceration.
Rules of criminal procedure 3.700 through 3.721 do not apply just when a "sentence of imprisonment" is imposed but also apply when a "sentence of probation" may be imposed. ABA Standards of Criminal Justice define probation as a "sentence not involving confinement ..." (standard 18-2.3) and use the terms "sentence of probation" (standard 18-2.3) and "sentence of commitment" (standard 18-2.5). Standard 18-2.4 prescribes the intermediate sanction of both a sentence of confinement and a sentence of probation.
In imposing the appropriate penalty for a criminal offense, a trial judge in Florida generally has the broad discretion to impose a sentence of confinement or a sentence of probation in addition to some intermediate alternative penalties.
The restricted definition of the term "sentence" in the majority opinion will, in my view, cause us considerable problems in construing our rules and the sentence alternatives now prescribed in our statutes. For this reason, I must concur in result only.
ALDERMAN, J., concurs.
McDONALD, Justice, concurring in result only.
This opinion should be limited to the maximum time a trial judge may impose jail time as a condition of probation. If the time exceeds one year it is not a valid probation order but becomes a sentence. There are times when a trial judge finds that a defendant should be sentenced to prison but also needs some form of supervision longer than the prison sentence. I construe sec. 948.01(4), Florida Statutes, to give a trial judge authority to do just that. This opinion would prevent a trial judge *1113 from sentencing a defendant to a term in excess of one year and thereafter place him on probation to assure his supervision after the completion of his sentence. I agree that a condition precedent for probation should not exceed one year, but at the same time a trial judge should have the option of requiring probation after a specified jail sentence. To the extent that this decision prevents that, I dissent.
NOTES
[1] Art. II, § 3, Fla. Const.
[2] U.S.Const. Amend. XIV, § 1; art. 1, § 2, Fla. Const.
[3] Subsequently, in State v. Holmes, 360 So.2d 380 (Fla. 1978), we held that the combined period of incarceration and probation imposed under the split sentence alternative must be within the maximum period of incarceration provided by the particular criminal statute for the offense involved.
[4] As to certain serious crimes the trial judge may enter an order at the time of sentencing retaining jurisdiction over the offender for review of a Commission release order. § 947.16(3), Fla. Stat. (1979).
[5] There is authority for this position. See McGowan v. State, 362 So.2d 335 (Fla. 3d DCA 1978); 1974 Op.Atty.Gen. Fla. 74-283.
[6] "A probationary period is not a sentence and any procedure that tends to mix them is undesirable, even though this mixture is accomplished by nothing more than the terminology used by the trial court in its desire to place a person on probation." In re Florida Rules of Criminal Procedure, 196 So.2d 124, 171 (Fla. 1967).