ON MOTION FOR REHEARING GRANTED
NESBITT, Judge.
The defendant appeals from the trial court’s denial of his motion to set aside and correct his sentence, pursuant to Florida Rule of Criminal Procedure 3.850. We recede from our initial affirmance of the order without opinion because, at the time of release, we had not been enlightened by the Supreme Court’s revised opinion in Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1980) (revised April 23, 1981).
In that regard, we commend the Attorney General who, in the noble tradition of his office as a quasi-judicial advocate, first brought to our attention that the Supreme Court’s revised decision in Villery now affords the defendant a measure of the relief sought.
Through a negotiated plea, the defendant was adjudicated on two counts: (1) commission of a robbery with a firearm, pursuant to Section 812.13, Florida Statutes (1977); and (2) unlawful possession of a firearm while engaged in the commission of a felony, pursuant to Section 790.07, Florida Statutes (1977). On his plea of guilty, the defendant received eight years probation with a special term and condition thereof that four years be served in the state penitentiary with appropriate credit for all time served. Following Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979), which held that a lengthy prison term under the guise of probation could not lawfully be imposed, the defendant filed a motion to correct or vacate the sentence. The motion was granted on November 19, 1979. By the corrected order, the defendant was sentenced to a term of eight years in the state penitentiary with the provision that after he had served four years incarceration the remaining four years would be stayed and he would be placed on probation.
At the time, the split sentence imposed was entirely correct under State v. Jones, 327 So.2d 18 (Fla.1976). However, in Villery, the Supreme Court expressly receded from that portion of State v. Jones, supra, which permitted incarceration in excess of one year as a condition of probation. In fairness to all concerned, there was simply no way to anticipate that the holding in Shead v. State, supra, would ultimately be adopted in Villery in such a way as to impact the split sentences as it most assuredly has. However, there is no doubt but that, under Villery, the sentence imposed upon the defendant constitutes fundamental error for which we must reverse and remand for correction and imposition of a proper sentence.
Since we have the case squarely before us, we now undertake, on our own initiative, to correct another sentencing error apparent on the face of the record. It is clear from a reading of the charging docu *102 ment that the defendant was adjudicated and sentenced for the offense of robbery with a firearm as well as possession and display of a firearm in the commission of a felony, which offenses arose out of the identical transaction. Davis v. State, 392 So.2d 947 (Fla. 3d DCA 1980) indicates that while it is perfectly proper for the defendant to be convicted of both offenses on a plea of guilty, such conviction will nonetheless not support a sentence on both offenses. Although this point seems to have been well established, it was never called to the attention of any of the trial judges responsible for the sentencing or re-sentencing of the defendant. Because of the fundamental nature of the error, we proceed to correct it upon our own initiative.
For the foregoing reasons, the order appealed from is reversed; the s ¿ntence imposed upon the defendant for unlawful possession and display of a firearm during the commission of a felony is vacated, with directions that the defendant be re-sentenced on his conviction for commission of a robbery with a firearm in accordance with Villery, supra.
Reversed and remanded with directions.