PER CURIAM.
This is an appeal from summary denial of appellant’s motion for post-conviction relief. Appellant asserts that he was denied effective assistance of counsel, illegally sentenced to a lengthy prison term with probation under the guise of a split sentence, and sentenced in excess of the legal maximum for his conviction of attempted second-degree murder.
Two of the appellant’s points are without merit. There is ample documentation of assistance rendered by appellant’s counsel. Appellant argued that attempted second-degree murder should have been a third-degree felony. Second-degree murder is a first-degree felony, § 782.04(2), Florida Statutes (1979), and the attempt charge was correctly reduced to a second-degree felony under § 777.04(4)(b). The 10-year sentence was well within the 15-year maximum, § 775.082(3Xe), Florida Statutes. We affirm on both points.
Subsequent to the trial court’s denial of the appellant’s motion, the Florida Supreme Court issued its opinion in Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1981). In Villery, the court held that:
[I]ncarceration, pursuant to the split sentence alternatives found in sections 948.-01(4) and 948.03(2), which equals or exceeds one year is invalid. This applies to incarceration as a condition of probation as well as to incarceration followed by a specified period of probation.. .. [T]his . decision applies retroactively, (e. s.)
Id. at 1111. In view of this language, the trial court’s order is reversed, and this cause is remanded for resentencing pursuant to the guidelines set forth in Villery, supra.
SHAW, WENTWORTH and THOMPSON, JJ., concur.