PER CURIAM.
This is an appeal from an order which vacated a prior illegal sentence and imposed a new sentence. We affirm.
The appellant had originally received a split sentence for grand larceny as authorized by Section 948.01(4), Florida Statutes (1979). Under that sentence, he was to serve five years in prison, with the condition that after having served two years, the remainder of the sentence would be suspended and the appellant would be placed on probation for three years. After this sentence was imposed, Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1981), was decided. In Villery, the supreme court held that
incarceration, pursuant to the split sentence alternatives found in sections 948.-01(4) and 948.03(2), which equals or exceeds one year is invalid. This applies to incarceration as a condition of probation as well as to incarceration followed by a specified period of probation. We further hold that this decision applies retroactively. Accordingly, one who has been given a split sentence probation contrary to the mandate of this decision is entitled upon application to have the illegal order corrected. In correcting the order, the trial court has the option either of modifying the order to make it legal or of withdrawing it and imposing a sentence of imprisonment. However, unless a con *38 dition of probation is determined to have been violated, the court may not extend the term of probation either with or without incarceration, nor mav the court impose a sentence of imprisonment for a period of time in excess of the original total term of probation, (e. s.)
396 So.2d at 1112.
Pursuant to Villery, appellant applied to the trial court for a correction of his split sentence. The trial court withdrew the original sentence and resentenced the appellant to five years in prison (with credit for time previously served).
Appellant first contends that the above underscored words from Villery precluded the lower court from imposing a sentence in excess of the probationary term of three years. We disagree. This court has earlier construed Viller/s prohibition against trial courts imposing “sentence[s] of imprisonment for a period of time in excess of the original total term of probation ... ”, 396 So.2d at 1112, as meaning “the entire term previously imposed, including the conditional period of incarceration.” Williams v. State, 405 So.2d 436 (Fla. 1st DCA 1981). Therefore, consistent with Williams' interpretation of Villery, we agree with the lower court that the maximum sentence it was authorized to impose was five years, with credit for time previously served.
The appellant also contends that in imposing the new sentence, the trial court was limited by the holding in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), to the effect that “whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear.” Id. at 726, 89 S.Ct. at 2081. The primary consideration offered by the Court in fashioning this rule was that
it would be a flagrant violation of the Fourteenth Amendment for a state trial court to follow an announced practice of imposing a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside. Where . . . the original conviction has been set aside because of a constitutional error, the imposition of such a punishment, “penalizing those who choose to exercise” constitutional rights, “would be patently unconstitutional.”
Id. at 723-24, 89 S.Ct. at 2079-80, quoting United States v. Jackson, 390 U.S. 570, 581, 88 S.Ct. 1209, 1216, 20 L.Ed.2d 138 (1968). To the extent that Pearce supports the proposition that one should not be penalized for exercising one’s legal rights, Pearce is applicable to the instant case. A prisoner should not be penalized for exercising his legal right to have an illegal sentence vacated. But at the same time, a trial court is not constitutionally precluded from imposing a new sentence which is greater than the original one, in view of events subsequent to the imposition of the original sentence “that may have thrown new light upon the defendant’s ‘life, health, habits, conduct, and mental and moral propensities.’ ” Pearce, 395 U.S. at 723, 89 S.Ct. at 2079, quoting Williams v. New York, 337 U.S. 241, 245, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337 (1949).
Assuming, without deciding, that the new sentence herein is more severe — although the new sentence of imprisonment does not exceed the entire term previously imposed — it is nevertheless constitutionally valid. The record in this case reflects that after the appellant’s release from prison and prior to his resentencing, four different violation of probation affidavits had been filed, each charging him with violating from three to five conditions of his probation. In its order on the appellant’s motion to correct his sentence, the trial court found that a violation of probation charge was pending against the appellant, and that the appellant had been charged with and had admitted earlier violations of his probation. It also determined that it was not necessary for it to entertain further violations of probation proceedings, and thereupon sentenced appellant to five years less the time previously served. In so doing, the trial court took into consideration the factors set *39 forth in Pearce; therefore the imposition of the new sentence did not deprive the appellant of any due process or equal protection rights.
AFFIRMED.
ERVIN and SHAW, JJ., concur.
THOMPSON, J., specially concurring.