PER CURIAM.
This is an appeal (see Florida Appellate Rule 9.140(g)) from an order summarily denying Cronce’s motion for post conviction relief filed in the circuit court pursuant to Florida Rule of Criminal Procedure 3.850.
Cronce’s motion to vacate asserted that Cronce had been adjudicated guilty of two counts of burglary and sentenced to three years imprisonment to be followed by two years probation and that such a split sentence was unlawful.
The trial court, in its order denying Cronce’s motion without a hearing, found that Villery v. Florida Parole & Probation Com’n, 396 So.2d 1107 (Fla.1981), did not “apply to ‘split’ sentences under Section 948.01(4) such as the one imposed on [Cronce].”
We recognize that the Supreme Court in Villery specifically held:
“that incarceration, pursuant to the split sentence alternatives found in sections 948.01(4) and 948.03(2), which equals or exceeds one year is invalid. This applies ... to incarceration followed by a specified period of probation.” 396 So.2d at 1111. ■
We therefore conclude that the circuit court erred in entering the above quoted finding and in denying Cronce’s motion to vacate.
Accordingly, we reverse the order of denial with directions that the circuit court grant Cronce’s motion to vacate and to correct the split sentence it imposed upon Cronce. See Villery, supra, at 1111-1112.
REVERSED AND REMANDED with directions.
DOWNEY, ANSTEAD and GLICK-STEIN, JJ., concur.