PER CURIAM.
Appellant was convicted of a narcotics offense and placed on five years probation with the special condition that he spend the first two years in prison. We find that the trial court correctly denied defendant’s motion to suppress, see United States v. Ross, - U.S. -, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), and, consequently, we affirm the conviction.
As to the split-sentence, however, we find that it violates the mandate of Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1981). There, the Florida Supreme Court held that incarceration as a condition of probation must be for a period of less than one year. 396 So.2d at 1111.
Here, the trial court did not have the benefit of Villery at the time of sentencing although the defendant did lodge a proper objection. Since Villery applies retroactively we remand with instructions to resen-tence the appellant in accord with the following provision from Villery:
[O]ne who has been given a split sentence probation contrary to the mandate of [Villery] is entitled upon application to have the illegal order corrected. In correcting the order, the trial court has the option either of modifying the order to *634 make it legal or of withdrawing it and imposing a sentence of imprisonment. However, unless a condition of probation is determined to have been violated, the court may not extend the term of probation either with or without incarceration, nor may the court impose a sentence of imprisonment for a period of time in excess of the original total term of probation.
396 So.2d at 1111-12.
AFFIRMED WITH INSTRUCTIONS.
GLICKSTEIN and HURLEY, JJ., and GREEN, OLIVER L., Associate Judge, concur.