BARKDULL, Judge.
This is an appeal from an order of the trial court revoking the defendant’s probation and sentencing him to 4 years imprisonment for violation of his probation.
In 1976 the defendant pleaded guilty to the crime of robbery. On the 23rd of November, 1976, he was given a sentence of 5 years, 1 year to be served in the county jail, the remaining 4 years to be stayed and he was placed on probation for a period of 4 years. On February 15, 1977, the trial court pursuant to the defendant’s motion to mitigate, suspended one and one-half months of the jail term. On the 2nd of December 1980, an affidavit of violation of probation was filed against the defendant alleging he had committed armed robbery with a knife on October 25, 1980. At hearing on affidavit of violation of probation, the trial judge, without objection, called the defendant to the stand and established by his testimony that he was the person placed on probation in 1977 and that he was the individual named in Case No. 76-6650. The trial judge also denied the defendant’s request to introduce the deposition of one Officer Griffin into evidence in lieu of live testimony. At the conclusion of the hearing the trial judge found the defendant had violated his probation and ordered a pre-sentence investigation. Subsequent thereto, the defendant moved for a new probation hearing and to vacate probation on the ground that the original sentence and probation constituted an invalid sentence under the holding in Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1981) which is to be given retroactive effect. The trial court denied the motion and entered the sentence appealed herein.
The Public Defender has moved to withdraw and has filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating therein the following as possible grounds for reversal. (1) The trial court erred in calling the defendant for the purpose of determining if he was the person placed on probation without objection. (2) The trial court erred or abused its discretion in not permitting the defendant to introduce the deposition of the police officer. (3) The trial court erred in not dismissing the revocation proceedings because the split sentence of 1 year incarceration to be followed by 4 probation, violated Villery v. Florida Parole and Probation Commission, supra.
As to the first point, clearly by failing to object to the trial court’s action in questioning the defendant, the defendant has waived any error and cannot now raise it on appeal. As to the second point, the record clearly shows that the defendant failed to establish the predicate necessary to permit introduction of a deposition in lieu of oral testimony, thus there was no abuse of discretion on the part of the trial court in denying the motion. State v. Heath, 343 So.2d 13 (Fla.1977); Carter v. State, 410 So.2d 552 (Fla. 3d DCA 1982); Holmes v. State, 311 So.2d 780 (Fla. 3d DCA 1975).
The allegation of a violation of Villery v. Florida Parole and Probation Commission, supra, is without merit. While the original sentence may have violated the *1036 holding in Villery the record shows the defendant pre- Villery moved to mitigate the sentence and that that motion was granted. The trial court mitigated the sentence by suspending one and one-half months of the sentence thereby correcting any Villery violation long before Villery came into being. Thus it was not error to refuse to dismiss the revocation proceedings on the basis of a Villery violation.
Therefore the order revoking probation and the sentence appealed herein are affirmed and the Public Defender is permitted to withdraw as counsel for the appellant.
Affirmed.