ON MOTION FOR REHEARING
PER CURIAM.
This court has previously issued an opinion in this case holding that the defendant’s sentence violated the rule announced in Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla.1981). By motion for rehearing, the state has called our attention to section 921.187, Florida Statutes (1983), which provides in part as follows:
921.187 Disposition and sentencing; alternatives. — The following alternatives for the disposition of criminal cases shall be used in a manner which will best serve the needs of society, which will punish criminal offenders, and which will provide the opportunity for rehabilitation. A court may:
(7) Impose a split sentence whereby the offender is to be placed on probation upon completion of any specified period of such sentence, which period may include a term of years or less.
We agree with the state that the foregoing statutory provision abrogates the Villery rule. However, in this case the defendant’s offense was committed on June 26, 1982, and the statute was effective October 1, 1983. We agree with the decision of our sister court in Brown v. State, 460 So.2d 427 (Fla. 5th DCA 1984), that the statute may not be applied retroactively.
Accordingly, the motion for rehearing is DENIED.
OTT, A.C.J., and DANAHY and CAMPBELL, JJ., concur.