LEHAN, Judge.
Defendant appeals from a denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. The motion contained four alleged grounds for relief. Two of those grounds — that he had ineffective assistance of counsel and that his guilty plea was unlawfully induced and made without a full understanding of the charges against him — would entitle appellant to relief if they were true. The trial court, however, failed to either conduct an evidentiary hearing or attach portions of the record which would refute those allegations. Accordingly, we reverse the trial court’s denial of appellant’s motion as it pertained to those two allegations and remand the case to the trial court. On remand, the trial court may again either summarily deny the motion as to those allegations and attach to its order those portions of the record which conclusively show appellant is not entitled to relief or hold an evidentiary hearing and then rule on the grounds alleged. See Fla.R.Crim.P. 3.850. See also Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981).
Another allegation in defendant’s motion was that his sentence was a split sentence which was illegal pursuant to Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1981). Section 921.187(7), Florida Statutes (1983), is not applicable, and defendant is correct that his sentence of ten years in prison followed by twenty years probation is an illegal split sentence. Accordingly, we reverse the trial court’s denial of defendant’s motion as it pertains to this allegation and remand for imposition of a legal sentence. Upon remand the court can either impose a sentence of less than one year imprisonment followed by a term of probation not exceeding the term of probation previously imposed or impose a sentence of imprisonment not exceeding the total prior sentence imposed. See Villery at 1112; Forbert v. State, 437 So.2d 1079 (Fla.1983). The record indicates that the original sentence was imposed pursuant to a plea bargain. Therefore, if the trial court chooses to impose a longer prison sentence than previously imposed, the defendant should have the option to withdraw his guilty plea. See Forbert. However, that option of the defendant should be subordinate to the option of the state to accept the plea with the *265 sentence reduced to a legal term under Villery within the parameters of the plea bargain, because the state might not be able to effectively try defendant after the passage of time since the original sentencing. See Forbert. See also Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).
Defendant’s final allegation was that he was denied the right to appeal. Denial of the right to appeal cannot be raised by a rule 3.850 motion. Simmons v. State, 364 So.2d 869 (Fla. 1st DCA 1978). In any event, defendant only alleged that he desired to appeal from the sentence, and the sentencing error complained of (under Villery, which was decided some years after defendant’s sentencing) is to be corrected as explained above.
The denial of defendant’s motion is affirmed as to the allegation concerning denial of his right to appeal, but is reversed as to the other three allegations and remanded for proceedings explained above in this opinion.
GRIMES, A.C.J., and CAMPBELL, J., concur.