483 So.2d 479 (1986)
Michael E. BURRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 86-141.
District Court of Appeal of Florida, Second District.
February 12, 1986.
HALL, Judge.
Michael E. Burrell appeals the summary denial of his motion for postconviction relief. Burrell entered a plea to an attempted burglary which appears to have been committed in March, 1983. The trial court suspended a three-year sentence and placed Burrell on probation. In 1984 Burrell was again before the court; this time for violation of probation. He elected to be sentenced under the guidelines, which called for a presumptive sentence of twelve to thirty months or community control. The court initially entertained the idea of imposing the three-year sentence that earlier had been suspended but, upon considering evidence presented in mitigation, instead imposed a sentence of two years in prison, followed by six months' community control and two years' probation. If not a negotiated sentence, this unusual disposition was accepted without objection when it was imposed. A pro se appeal, which did not challenge the sentence, followed. Then Burrell filed his motion for postconviction relief.
*480 We do not agree with Burrell that the existing sentence violates Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1981). The Villery decision was an attempt to reconcile two separate pieces of legislation. Section 948.01(4), Florida Statutes (1979), permitted the imposition of jail or prison terms as a condition of probation. Such split sentences had been approved by the supreme court in State v. Jones, 327 So.2d 18 (Fla. 1976). However, in Villery the court partially receded from Jones in light of section 947.16(1), Florida Statutes (1979), which conferred parole eligibility upon anyone serving a sentence of one year or more. Since probation, technically, is not a sentence, McGowan v. State, 362 So.2d 335 (Fla. 3d DCA 1978), a trial judge could avoid the likelihood of a defendant qualifying for early parole release by imposing a prison term as a condition of probation, thereby removing the offender from the ambit of section 947.16(1) and "negat[ing] the parole policy of this state." Villery, 396 So.2d at 1111. The supreme court rejected the suggestion of the Parole Commission that split sentences could be "construe[d] ... as a sentence for the limited purpose of eligibility for parole... . Such a construction would create a legal and administrative morass which we do not believe was the legislative intent in adopting the split sentence alternative as part of the probation authority for trial judges." Id. Relying in part upon our decision in Olcott v. State, 378 So.2d 303 (Fla. 2d DCA 1979), Villery established a 364-day limit on the amount of prison time that could be included in a split sentence.
With the guidelines, however, came the abolition of parole. § 921.001(8), Fla. Stat. (1983). The problem addressed by Villery, the jurisdictional problems created by the simultaneous service of two different forms of supervision, ceased to be relevant. Burrell cannot now rely on Villery because he affirmatively elected to be sentenced under the guidelines. "Because there are no parole considerations under the guidelines, and because of the legislative intent, as expressed by the adoption of Rule 3.701(d)(12), see Section 921.001(4)(b), Florida Statutes (1983), to allow split sentences such as those forbidden in Villery, we hold that Villery objections are no longer available to persons sentenced under the guidelines." Norman v. State, 468 So.2d 1063, 1064 (Fla. 1st DCA 1985).[1]
This case also presents the question whether community control and probation may be imposed in tandem. The First District, in Williams v. State, 464 So.2d 1218 (Fla. 1st DCA 1985), held that community control and probation are alternative forms of disposition and may not be "stacked" as was done in the instant case. The court reasoned that community control was intended to afford an alternative to both probation and incarceration and that a disposition involving both community control and *481 probation would be manifestly contrary to the legislative intent as to the proper purpose and application of alternative dispositions. We do not agree with the decision in Williams. Instead, we feel that community control, though an individualized program with the offender restricted within the community, essentially functions as a more restrictive form of probation. Like probation, it is supervised by the Department of Probation and Parole. A violation is subject to the same sort of disposition as a violation of probation. We feel that in this instance community control represents an intermediate step, between total incarceration and freedom on the streets, in the chain of rehabilitation of the offender. We therefore find no error in the trial judge's sentence and affirm.
GRIMES, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] During the same session that produced the sentencing guidelines, the legislature also reinstated true split sentences. § 921.187(7), Fla. Stat. (1983). Although Burrell's offense predates the effective date of this statute, we do not perceive this case as involving an impermissible ex post facto application of section 921.187(7) and thus barred by article 1, § 10, United States Constitution, and article 1, § 10, Florida Constitution. "[T]wo critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17, 23 (1981). A law which makes an ameliorating change in an offender's circumstances is not ex post facto. Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344, reh'g denied, 434 U.S. 882, 98 S.Ct. 246, 54 L.Ed.2d 166 (1977). Specifically included within the guidelines is the provision that defendants, even probation violators, whose crimes occurred before the effective date may nevertheless elect guideline treatment. See, e.g., State v. Boyett, 467 So.2d 997 (Fla. 1985). Presumably, these persons would not request guideline treatment and thereby forego parole eligibility, unless they perceived it would be to their advantage to do so.

We have previously held that "loss of the parole privilege ... is not occasioned by an independent act of the state which alone exposes the defendant to an otherwise impermissible ex post facto law." Hayward v. State, 467 So.2d 462, 464 (Fla. 2d DCA), petition for review denied, 476 So.2d 674 (Fla. 1985).