ZEHMER, Judge.
Appellant, Vincent Wayne Priest, appeals the trial court’s denial of a motion for post-conviction relief pursuant to rule 3.800, Florida Rules of Criminal Procedure, to correct his sentence to reflect a total of 185 days confinement in county jail before his present sentence was imposed.[1] We treat the trial court’s action as a denial of post-conviction relief under rule 3.850 and reverse with directions for appellant’s immediate release.
Appellant was charged with burglary of a dwelling committed on October 5, 1979. On June 5, 1980, the trial court withheld adjudication and placed appellant on probation for five years on condition that he serve six months in county jail. After fulfilling this condition and being released on probation, appellant was charged with violating other conditions of probation and taken into custody.
Following a hearing on November 29, 1984, the trial court found that appellant had violated three conditions of his probation, adjudicated him guilty of the initial offense and entered an order “modifying” the probationary period. The order provided that “Defendant’s probationary period is hereby modified to seven years from this date” with the special condition that “you will spend the first eighteen months of your probationary period in the Department of Corrections, without parole, and no credit for time served. Upon release for [sic] the Department of Corrections, you will continue under probation supervision for the remaining period of five and one-half years.”
Appellant, on February 5, 1985, filed a motion to correct sentence pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, in order to obtain credit for 185 days time served. At a hearing on February 22, 1985, the following transpired:
JOHNSON: The judgment, Judge, that you entered in November sentencing him to 18 months states explicitly “You will spend the first 18 months of your probationary period in the Department of Corrections, without parole, and no credit for time served.” That’s number 17 — delineated number 17.
COURT: This is the order of November 29th, 1984.
JOHNSON: Yes, sir.
COURT: And this is a new probationary order requiring him to spend part of the time in the state penitentiary?
JOHNSON: Yes, sir.
COURT: And you’re requesting the Court to grant him credit on that sentence?
JOHNSON: Yes, sir.
COURT: And this is a probationary order?
JOHNSON: It’s an order that he go to prison to be followed by probation under the guidelines.
COURT: It’s not a sentence to the DOC though, is it?
JOHNSON: My understanding of the law is no, sir, it is not. He’s been given a split sentence—
COURT: It’s a villery [sic] sentence except that it’s no longer illegal.
JOHNSON: That’s right.
*902 COURT: . Okay. I understand exactly what you’re after, counselor. Your motion is denied.
The record does not contain any written order confirming this oral ruling on the motion.
It is perfectly apparent that appellant's counsel at the hearing was attempting to point out to the trial court that, in effect, his client had been given a split sentence within the meaning of Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla.1980), and that as such, appellant should be entitled, pursuant to section 921.161, Florida Statutes (1983), to credit for time served before imprisonment by the Department of Corrections. We agree that the trial court imposed a split sentence within the meaning of section 921.187(g), and that the sentence must be modified for the reasons stated below.
Construing sections 948.01 and 948.03 in pari materia with section 947.16, as they existed in 1979, the supreme court held in Villery that a trial judge could not impose incarceration of twelve months or longer as a condition of probation and “that incarceration, pursuant to the split sentence alternatives found in sections 948.01(4) and 948.-03(2), which equals or exceeds one year is invalid.” 396 So.2d at 1111. The legislative reaction to Villery was enactment of what is now section 921.187(g) in 1983. This provision allows split sentences for a term of years followed by a probationary period, and was undoubtedly what the trial judge had in mind when he commented that appellant’s sentence is “no longer illegal.” See Andrews v. State, 462 So.2d 18 (Fla. 2nd DCA 1984).
This amendment to the statute is, however, inapplicable to the instant case. Appellant’s offense was committed on October 5, 1979, and section 921.187(g) was not effective until October 1, 1983. The statute may not be applied retroactively. Andrews, 462 So.2d at 19 (Fla. 2d DCA 1984). Under the law in effect at the time of appellant’s initial offense as construed in Villery, the court could not impose a split sentence with a jail term of twelve months or more.
The order denying relief is reversed with directions to modify the order of November 29, 1984, to provide for incarceration of 364 days. Since Priest has now been incarcerated for more than twelve months under that order, he is entitled to immediate release from incarceration to begin serving the remaining period of probation. The Clerk is directed to issue the mandate with the release of this opinion. Rule 9.340, Fla.R.App.P.
REVERSED AND REMANDED.
BOOTH, C.J., and BARFIELD, J., concur.

. This case is before us pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).