Richard S. Fitzpatrick Attorney for Citrus County Sheriff
QUESTION:
May the Sheriff of Citrus County accept prisoners for work-release confinement when no work-release program for county prisoners has been approved by the Citrus County Commission or the sheriff?
SUMMARY:
A sheriff has no authority to maintain a work-release program for county prisoners, absent the creation of such a program upon the motion of the county commission and the concurrence of the sheriff.
Section 951.24, F.S., provides:
 (1) Any county shall be deemed to have a work-release program upon the motion of that county's board of county commissioners which shall require the concurrence of the sheriff of the county. (2)(a) Whenever punishment by imprisonment in the county jail is prescribed, the sentencing court, in its discretion, may at any time during the sentence consider granting the privilege to the prisoner to leave the confines of the jail or county facility during necessary and reasonable hours, subject to the rules and regulations prescribed by the court, to work at paid employment, conduct his own business or profession, or participate in an educational or vocational training program, while continuing as an inmate of the county facility in which he shall be confined except during the period of his authorized release. (b) Any prisoner, at the time of sentencing or thereafter, may request the court in writing for the privilege of being placed on the work-release program. The Department of Corrections, upon the request of the court, is authorized to conduct such investigations as are necessary and to make recommendations to the court pertaining to the suitability of the plan for the prisoner and to supervise such prisoner if released under this program. Such a release may be granted by the court with the advice and consent of the sheriff and upon agreement by the prisoner. The court may withdraw the privilege at any time, with or without notice.
* * *
(5) Exchange for the purpose of work-release of county prisoners among other counties of the state that have implemented work-release programs is hereby authorized, with the concurrence of the sheriffs of the involved counties. . . . Prisoners from other jurisdictions, serving lawful sentences, may also be received into a county work-release program as provided above. (e.s.)
Thus, pursuant to s. 951.24(1), F.S., the sheriff must concur before a work-release program for county prisoners may be instituted by a county commission. Furthermore, a written requestby a prisoner to be placed in a work-release program pursuant to s. 951.24(2)(b), F.S., "may be granted by the court with the advice and consent of the sheriff . . . ."
The provisions of s. 951.24, F.S., relating to the implementation of a work-release program for county prisoners have not been judicially construed. This office in AGO 75-90, however, concluded that the provisions in s. 951.24, F.S., require the sheriff's approval prior to the institution of such a program by a county commission and consent prior to the placement of any prisoner into such a program pursuant to s. 951.24(2)(b), F.S.
While s. 951.24(2)(a), F.S., allows the court the discretion to grant the privilege of participating in a work-release program to a prisoner who is to be confined in the county jail, the provisions in s. 951.24, F.S., must be read as a whole.[1]
Thus s. 951.24(2)(a), F.S., would appear to presuppose the creation of a program pursuant to s. 951.24(1), F.S. I am not aware of any statute authorizing the creation of a work-release program in a manner other than that prescribed in s. 951.24(1), F.S.[2]
Moreover, a sheriff, as a constitutional officer, has only those powers or duties which are prescribed by statute or necessarily implied therefrom.[3] Therefore, a sheriff has no authority to act inconsistently with state law or exercise a power not expressly granted by statute or necessarily implied therefrom.
It would appear, therefore, absent the county commission's motion and the sheriff's concurrence, a work-release program in a county jail cannot otherwise be created and maintained by the sheriff. Thus, it is my opinion that the sheriff has no authority to maintain a work-release program for county prisoners, absent the creation of such a program upon the motion of the county commission and the concurrence of the sheriff.
[1] See, Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1980) (full effect must be given to all statu-tory provisions and related statutory provisions must be construed in harmony with one another).
[2] See, Alsop v. Pierce, 19 So.2d 799 (Fla. 1944) and Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952) (where the Legislature prescribes how a thing shall be done, it is, in effect a prohibition against its being done in any other way).
[3] See, AGO's 90-61 and 82-72. See also, s. 5(c), Art. II, State Const., stating that "[t]he powers, duties, compensation and method of payment of state and county officers shall be fixed by law."