PER CURIAM.
In this direct criminal appeal, appellant seeks review of orders of the trial court which purported to revoke his probation in seven cases and then again to place him on probation subject to essentially the same conditions, except that he was, in addition, to serve eleven months and fifteen days in the county jail. Because we conclude that the orders entered by the trial court were illegal, we reverse.
Appellant had previously been placed on probation for grand theft and six felony worthless check offenses. In addition to the other conditions of his probation, appellant had been ordered to serve one year in the county jail. After appellant had served the year in county jail, an affidavit was filed alleging that he had violated the conditions of his probation by changing his residence and employment without first obtaining the consent of his probation officer. Appellant eventually entered no contest pleas to the violations alleged, and elected treatment pursuant to the sentencing *897 guidelines. The trial court reimposed all of the original conditions of probation, except that it also imposed the condition that appellant serve an additional eleven months and fifteen days in the county jail.
The trial court purported to revoke appellant’s probation, and then again to place him on probation. However, we are of the opinion that the effect of the trial court’s actions was merely to modify the terms of appellant’s probation. We conclude that the portion of each order which imposed the special condition that appellant serve eleven months and fifteen days in the county jail was illegal because it resulted in imposing on appellant as a special condition of probation a period of incarceration which, when combined with the one year originally imposed, exceeded 364 days, the maximum period of incarceration which may be so imposed. § 948.03(5), Fla.Stat. (1991). See also Villery v. Florida Parole & Probation Comm’n, 396 So.2d 1107, 1112 (Fla.1981) (“[I]n modifying a probation order, no additional period of incarceration may be imposed on a probationer who has already served one year or more of incarceration”).
Accordingly, we reverse the orders placing appellant on probation, subject to the special condition that he serve eleven months and fifteen days in the county jail; and we remand to the trial court. On remand, the trial court may either modify the probation orders further, by deleting the special condition regarding jail time; or withdraw the probation orders and impose sentences of imprisonment consistent with the sentencing guidelines, giving appellant credit for all time spent in jail to date.
REVERSED and REMANDED, with directions.
MINER, WOLF and WEBSTER, JJ., concur.