643 So.2d 635 (1994)
David Lee HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2585.
District Court of Appeal of Florida, First District.
September 14, 1994.
David Lee Hall, pro se.
Robert A. Butterworth, Atty. Gen., Richard Parker, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Upon consideration of appellee's motion for rehearing, we withdraw this court's previous opinion in this case, which was issued on April 12, 1994, and published at 19 Fla. L. Weekly D837, and substitute the following opinion therefor.
*636 Appellant, David Lee Hall, appeals the trial court's denial of his motion for post-conviction relief filed pursuant to rule 3.800, Florida Rules of Criminal Procedure. As grounds for relief, Hall alleged his sentence was unlawful in that he was not furnished with notice of intent to habitualize prior to entry of his plea, as mandated by Ashley v. State, 614 So.2d 486 (Fla. 1993).
Although styled pursuant to rule 3.800, the scope of which is relatively narrow, Hall's motion raises an issue more appropriate for consideration under rule 3.850. The courts have the authority to treat prisoner petitions as if the proper remedy were sought if it would be in the interest of justice to do so. Fenter v. State, 632 So.2d 685, 686 n. 1 (Fla. 2d DCA 1994). See also Arnett v. State, 591 So.2d 1014 (Fla. 1st DCA 1992); and Priest v. State, 483 So.2d 900 (Fla. 1st DCA 1986). In the instant case, the court below should have treated Hall's motion as if filed pursuant to rule 3.850.[1]See Young v. State, 619 So.2d 378 (Fla. 2d DCA 1993); DeSantis v. State, 400 So.2d 525 (Fla. 5th DCA 1981).
We reverse and remand this cause with directions to attach those portions of the files and records conclusively showing that Hall is entitled to no relief, or, if the record does not conclusively contradict the allegations, to conduct an evidentiary hearing as to whether the requirements of Ashley were complied with prior to entry of Hall's plea. If they were not, then Hall's habitual offender sentence is illegal and he must be permitted to withdraw his plea or be sentenced within the guidelines.
REVERSED and REMANDED with directions.
ERVIN, MICKLE and DAVIS, JJ., concur.
NOTES
[1] Our review of the motion reveals that it complies with the technical requirements of rule 3.850, including the requirement that the motion be made under oath. Timeliness is not at issue inasmuch as the motion was filed within two years after judgment and sentence became final subsequent to direct appeal. See Myers v. State, 539 So.2d 525 (Fla. 1st DCA 1989).