400 So.2d 175 (1981)
Marian McCRAE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 79-430, 79-431.
District Court of Appeal of Florida, Fifth District.
June 24, 1981.
Joseph T. Garlovsky, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Edward M. Chew and Evelyn D. Golden, Asst. Attys. Gen., Daytona Beach, for appellee.
COWART, Judge.
We have carefully reviewed the record on appeal and all points argued in appellant's well-written brief and find no error except as to point 7 which challenges the condition of probation requiring two years imprisonment. Subsequent to this trial and the probation order herein, the Florida Supreme Court in Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981), held incarceration for more than one year as a condition of probation under section 948.03(2), Florida Statutes (1979), to be illegal. Therefore, we affirm the judgments of conviction but reverse the "sentences" and remand for correction as provided in Villery. Any resentencing should avoid the prohibition of general sentences *176 stated in Dorfman v. State, 351 So.2d 954 (Fla. 1977), and applied to probation orders in Pearson v. State, 371 So.2d 569 (Fla. 4th DCA 1979). Of course, the defendant must be present at the resentencing. Fla.R. Crim.P. 3.180(a)(9).
JUDGMENT AFFIRMED; SENTENCE VACATED AND CAUSE REMANDED FOR RESENTENCING.
COBB and FRANK D. UPCHURCH, JJ., concur.