400 So.2d 175 (1981)
Betsy WESLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1167.
District Court of Appeal of Florida, Fifth District.
June 24, 1981.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edward M. Chew, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Appellant's split sentence of eighteen months imprisonment followed by three and one-half years probation is vacated and the case is remanded to the trial court for resentencing in accordance with the principles set forth in Villery v. The Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981).
DAUKSCH, C.J., and ORFINGER, J., concur.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
I dissent for the reasons expressed in the dissent to Lauxman v. State, 402 So.2d 432 (Fla. 5th DCA 1981). In addition to the problems in the application of Villery noted in that opinion, I would point out a fallacy in its application to split sentences. Villery provides that, upon correcting the sentence, the court may not "impose a sentence of imprisonment for a period of time in excess of the original total term of probation." If this language is literally applied, in modifying Wesley's split sentence of eighteen months imprisonment followed by three and one-half years of probation, the maximum term of imprisonment which the trial judge may impose upon resentencing is three and one-half years.