ORFINGER, Judge.
Appellant was arrested for disorderly intoxication, an offense under a city ordinance substantially identical to section 856.-011, Florida Statutes. The search following his arrest disclosed his possession of a controlled substance. After being charged with such possession and having his motion to suppress denied, he pled nolo contendere reserving the right to appeal the denial of his motion to suppress.
The record on appeal satisfies us that when arrested, appellant was intoxicated and was causing a public disturbance. State v. Holden, 299 So.2d 8 (Fla.1974); see T.L.M. v. State, 371 So.2d 688 (Fla. 1st DCA 1979); Sears v. State, 319 So.2d 69 (Fla.2d DCA 1975). The arrest was lawful, as was the search incident to the arrest. United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).
Appellant also contends on appeal that the condition in the order placing him on probation for five years, which requires that he spend weekends in jail during his period of probation, is contrary to Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1981). In Villery, the Supreme Court held that the maximum period of incarceration which may be imposed as a condition of probation is up to, but not including one year. The condition of incarceration imposed here exceeds that time, so the probation order is vacated, and the case is remanded to the trial court for reconsideration of sentence. Webb v. State, 392 So.2d 35 (Fla. 5th DCA 1980). The judgment of conviction is affirmed.
Conviction AFFIRMED. Sentence VACATED and REMANDED.
DAUKSCH, C. J., concurs and concurs specially with opinion.
COWART, J., dissents with opinion.