WALDEN, Judge.
This appeal reflects the not uncommon circumstances where a prisoner (Scott) obtains, via Florida Rule of Criminal Procedure 3.850, a correction of an order imposing split sentence probation according to the requirements of Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1981).
Originally sentenced in January, 1981, to six years in State Prison with the last three years suspended so that Scott could be placed on probation, the new sentence imposed in February, 1982, provided for a sentence of six years imprisonment. Scott appeals from the order imposing the new sentence. We reverse and remand with directions.
The gravamen of Scott’s dispositive appellate point centers upon the fact that Scott was not afforded a hearing and was not present with counsel, or given such opportunity, at the time the new sentence was imposed. Is such required? We answer in the affirmative.
Rule 3.850, supra, contains this language, If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant him a new trial or correct the sentence as may appear appropriate.
A court may entertain and determine such motion without requiring the production of the prisoner at the hearing. [Emphasis added.]
which language supports the State’s position to the effect that it was not necessary for Scott to be present. Regardless, Thacker v. State, 185 So.2d 202 (Fla. 3d DCA 1966); Walker v. State, 284 So.2d 415 (Fla. 2d DCA 1972); and McCrae v. State, 400 So.2d 175 (Fla. 5th DCA 1981), have held that it is fundamentally necessary for a defendant to be present when being resen-tenced. Even though these opinions do not mention the contrary language contained in Rule 3.850, supra, and its predecessor, we believe that it must be presumed that they were aware of it and chose to believe that resentencing is a critical step entitling a *223 defendant to be present despite a contrary procedural rule.
The federal rule dealing with attacks on sentences, 28 U.S.C.A. § 2255 (1949), contains language identical to Florida’s Rule 3.850 as stated above. However, Williamson v. United States, 265 F.2d 236 (5th Cir.1959), in dealing with a resentencing under 28 U.S.C.A. § 2255 (1949), while citing certain exceptions, held, “Where a person convicted of a criminal offense or offenses is to be resentenced, as was the case here, the presence of the defendant is as necessary as it was at the time of the original sentence.” We think it is desirable to have like federal and state provisions interpreted uniformly, where possible.
We note in passing that there are or have been different methods used by the trial courts in imposing the split sentence probation alternative, a situation that might prove to be confusing in initially attempting to determine if a particular resentencing entitles the prisoner to be present. However, we believe these differences, although recognized, have been melded and made inconsequential by the pronouncement of State v. Jones, 327 So.2d 18 (Fla. 1976).
We are further persuaded in favor of our conclusion by the language of Villery, supra, and this particularly:
For the reasons expressed in this opinion, we hold that incarceration, pursuant to the split sentence alternatives found in sections 948.01(4) and 948.03(2), which equals or exceeds one year is invalid. This applies to incarceration as a condition of probation as well as to incarceration followed by a specified period of probation. We further hold that this decision applies retroactively. Accordingly, one who has been given a split sentence probation contrary to the mandate of this decision is entitled upon application to have the illegal order corrected. In correcting the order, the trial court has the option either of modifying the order to make it legal or of withdrawing it and imposing a sentence of imprisonment. [Emphasis added.]
Moreover, depending on the terms of the original sentence and whether a condition of probation has been violated, the sentencing court is faced with several alternatives that will or may have a significant impact upon a defendant in terms of the period that he may be incarcerated. These alternatives are spelled out in Villery, supra, as follows:
However, unless a condition of probation is determined to have been violated, the court may not extend the term of probation either with or without incarceration, nor may the court impose a sentence of imprisonment for a period of time in excess of the original total term of probation. If a condition of probation is found to have been violated, the court may modify or continue the probation or may revoke the probation and impose any sentence which it might originally have imposed before placing the defendant on probation.
We hold that defendants who are having their split sentence probation sentence corrected under the requirement of Villery, supra, are entitled to be present at the time of such correction in the same manner and to the same degree as they were entitled when initially sentenced.[1]
Pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), we respectfully certify to the Supreme Court of Florida for resolution of the following question which *224 we deem and certify to be of great public importance:
When a defendant has been given split sentence probation contrary to the case of Villery v. Florida Parole and Probation Commission, 396 So.2d 1107, (Fla.1980) and when same is corrected upon the defendant’s application, is it required that such defendant be present at the time the order is corrected?
The sentence of six years imprisonment contained in the order dated February 18, 1982, is reversed. The cause is remanded for sentencing with Scott, appellant, being present. Such new sentence shall clearly give credit for time served both before and after the initial sentence ordered on January 9, 1981.
Reversed and remanded for further proceedings consistent herewith.
DOWNEY and BERANEK, JJ., concur.

. As a caveat, there are instances where a sentence may be corrected under Florida Rule of Criminal Procedure 3.850 without the necessity of the presence of defendant. Such instances usually involve mechanical recalculations of credit time. See Williamson v. United States, 265 F.2d 236 (5th Cir.1959); Bruner v. State, 398 So.2d 1005 (Fla. 1st DCA 1981) and Matthews v. State, 408 So.2d 781 (Fla. 2d DCA 1982).
We also note that under federal practice a defendant’s presence is not required at a reduction of his sentence under Fed.R.Crim.P. 35. See Fed.R.Crim.P. 43(c)(4). Since it would be dicta, we decline to set forth our views as to whether such would be allowable and meet due process standards under Florida practice inasmuch as Florida has no such rule.