SHARP, Judge.
Alexander appeals the summary denial of his motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. He argues his sentence should be set aside because he was not allowed to be present at his resentencing following this court’s reversal of his first sentence on Villery[1] grounds. Alexander v. State, 399 So.2d 424 (Fla. 5th DCA 1981). We agree. Our court is committed to the view that a defendant must be allowed to be present at a resentencing pursuant to Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla.1981). Keller v. State, 432 So.2d 672 (Fla. 5th DCA 1983); McCrae v. State, 400 So.2d 175 (Fla. 5th DCA 1981).
We join our sister court,[2] however, in certifying this question to the Supreme Court as being one of great public importance:
WHEN A SENTENCE IS VACATED PURSUANT TO VILLERY v. FLORIDA PAROLE & PROBATION COMMISSION, 396 So.2d 1107 (Fla.1981), MUST THE DEFENDANT BE PRESENT AT RESENTENCING?
Accordingly, we reverse and remand for further proceedings consistent herewith.
REVERSED AND REMANDED.
ORFINGER, C.J., and DAUKSCH, J., concur.

. Villery v. Florida Parole & Probation Comm’n, 396 So.2d 1107 (Fla.1981).

. Scott v. State, 439 So.2d 222 (Fla. 4th DCA 1983).