439 So.2d 219 (1983)
STATE of Florida, Petitioner,
v.
James Richard SCOTT, Respondent.
No. 63146.
Supreme Court of Florida.
October 6, 1983.
*220 Jim Smith, Atty. Gen. and James P. McLane, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Ellen Morris, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
EHRLICH, Justice.
We once again find ourselves caught in the backwash of our decision in Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981), this time asked to determine the procedural due process requirements which attach to the correction of a Villery-invalidated split sentence.
In 1980, Scott was sentenced to six years' imprisonment with the last three years suspended so that he could serve them on probation. At that time, such a sentence was legal and commonly imposed. In 1982, after Villery was handed down, he filed a pro se motion to have the sentence vacated pursuant to that holding. Without granting a hearing, the trial court issued an order vacating the original sentence and imposing six years' imprisonment.
On appeal, the Fourth District found that Scott's due process rights had been violated because he had not had the opportunity to be present or to be represented by counsel at the new sentencing and certified as a question of great public importance the following:
When a defendant has been given a split sentence probation contrary to the case of Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981) and when same is corrected upon the defendant's application, is it required that such defendant be present at the time the order is corrected?
Scott v. State, 439 So.2d 222, 223 (Fla. 4th DCA 1983). We answer in the affirmative and so approve the holding of the district court.
The state contends that Florida Rule of Criminal Procedure 3.850 waives the prisoner's right to be present and represented by counsel at the time the corrected sentence is imposed. That rule provides that a prisoner in custody under sentence of a Florida court may file a motion in that court to correct an illegal sentence and that the court, upon finding the motion meritorious,
shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant him a new trial or correct the sentence as may appear appropriate.
A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.
(Emphasis supplied.)
The state's reading of the rule overlooks the plain meaning of its language. The court is authorized to entertain the motion and decide whether or not relief is warranted on the issues raised in the motion. The prisoner is not entitled to be present or represented during the consideration of the merits of the motion. However, once the court has determined that the sentence was indeed illegal and the prisoner is entitled to a modification of the original sentence or the imposition of a new sentence, the full panoply of due process considerations attach. Walker v. State, 284 So.2d 415 (Fla. 2d DCA 1973).
This must especially be true in the post-Villery correction of sentences. Unlike most illegal sentences being corrected, the pre-Villery split sentence was legal when imposed, and the court imposing the split sentence had chosen that particular combination of incarceration and probation as offering the best means of punishing and rehabilitating the prisoner. When that sentence was invalidated by the decision of this Court, the trial court was forced to review all the considerations which led to the selection *221 of the split sentence, and to fashion a new sentence which would achieve the same goals. Nor has the plight of the trial court seeking to impose a new sentence been an easy one, fraught as it is with constitutional challenges and considerations of post-sentencing infractions which would allow a material increase in the sentence, pursuant to North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). See, e.g., Beech v. State, 436 So.2d 82 61,925 (Fla. 1983). It would be wasteful of the court's time and of the limited resources of the appellate system to deny the sentencing judge the benefit of contemporaneous objections to a sentence and the concomitant opportunity to correct errors at the sentencing hearing.
Unarguably, the prisoner to be sentenced is facing a critical stage of the criminal proceedings, whether the sentence to be imposed is the immediate result of adjudication of guilt or the result of a successful Rule 3.850 challenge. Thus, a sentencing hearing is mandatory, Florida Rule of Criminal Procedure 3.720, and the prisoner is entitled to show legal cause why sentence should not be pronounced and to submit evidence relevant to the sentence. The indigent prisoner is entitled to appointment of counsel at sentencing. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).
We therefore agree with the Fourth District Court of Appeal that the prisoner being resentenced under a post-Villery sentence correction is "entitled to be present at the time of such correction in the same manner and to the same degree as ... when initially sentenced." Scott, at 223 (footnote omitted.) Accordingly, the opinion of the district court is approved.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and SHAW, JJ., concur.