965 So.2d 361 (2007)
Lincoln GRANATINO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-240.
District Court of Appeal of Florida, Fourth District.
September 26, 2007.
Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm the judgment of conviction in this case but remand for de novo resentencing. *362 At the original sentencing, the trial court believed that appellant was being sentenced for a second-degree felony punishable by up to fifteen years in prison. He was sentenced to five years in prison followed by ten years of probation. In fact, the crime for which appellant was convicted was a third-degree felony punishable by a maximum of five years in prison. When the error was discovered, the trial court struck the ten-year probationary portion of its split sentence without holding a resentencing hearing. The trial court reversibly erred in failing to hold a de novo resentencing under these circumstances. See Galindez v. State, 955 So.2d 517, 525 (Fla.2007) (Justice Cantero concurring specially and explaining the principle of de novo resentencing). Appellant was entitled to a fair opportunity to be heard at a sentencing hearing where the court and counsel are properly apprised of the degree of the offense to be punished and where defendant is afforded the full panoply of procedural protections. See State v. Scott, 439 So.2d 219, 220 (Fla. 1983).
POLEN, TAYLOR and HAZOURI, JJ., concur.