# Supreme Court of Florida

---

No. SC19-1511

---

**DAVID PUZIO,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

June 24, 2021

LAWSON, J.

We accepted review of the Fourth District Court of Appeal's decision in the juvenile sentencing case of *Puzio v. State*, 278 So. 3d 82 (Fla. 4th DCA 2019), because it expressly and directly conflicts with our decision in *Williams v. State*, 242 So. 3d 280 (Fla. 2018), on the same question of law. *See* art. V, § 3(b)(3), Fla. Const. The conflict turns on the proper remedy for a harmful *Alleyne* error that occurs where, in sentencing a juvenile offender under section 775.082(1)(b), Florida Statutes (2020), the trial court enhances the sentence under section 775.082(1)(b)1. without a jury finding of the

fact that authorizes the enhancement, namely whether the juvenile

offender "actually killed, intended to kill, or attempted to kill the

victim."[1] *See Alleyne v. United States*, 570 U.S. 99, 103 (2013)

("Any fact that, by law, increases the penalty for a crime is an

'element' that must be submitted to the jury and found beyond a

reasonable doubt."); *see also Williams*, 242 So. 3d at 288 (holding

that the section 775.082(1)(b) finding authorizing the enhancement

"is an 'element' of the offense, which *Alleyne* requires be submitted

to a jury and found beyond a reasonable doubt").

In *Williams*, we held that the "proper remedy" for a harmful

*Alleyne* error in this context "is to resentence the juvenile offender

pursuant to section 775.082(1)(b)2.," 242 So. 3d at 282, which

applies to a juvenile offender "who did not actually kill, intend to

kill, or attempt to kill the victim." *Id.* at 287 (quoting

§775.082(1)(b)2.). In *Puzio*, however, the Fourth District remanded

for the trial judge to remedy the same harmful error through a

---

1. The 2016 version of section 775.082(1)(b) applied to the resentencing in *Williams*, whereas the 2017 version applied to the resentencing at issue here. However, there is no substantive difference between these versions or the current version of the statute.

"ministerial correction" of sentence, for which "[t]he defendant need not be present." *Puzio*, 278 So. 3d at 86. Because the remedy approved by the Fourth District falls short of the de novo resentencing that *Williams* requires, we quash the district court's decision and remand with instructions to remand to the trial court for resentencing as required by *Williams*.

## BACKGROUND

In 1994, when Petitioner David Puzio was a juvenile, he and two adults perpetrated a carjacking, in which two victims were shot and killed. *Id.* at 84. The jury found Puzio guilty of two counts of first-degree murder and one count of armed carjacking, and the State sought the death penalty for the two homicide convictions. *Id.* Puzio's jury recommended life, and the trial court sentenced Puzio to life in prison without parole on all three counts. *Id.*

In 2017, Puzio was resentenced following the United States Supreme Court's decision that "mandatory life-without-parole sentences for juveniles violate the Eighth Amendment." *Id.* (quoting *Miller v. Alabama*, 567 U.S. 460, 470 (2012)). With respect to the homicide convictions, the trial court considered whether Puzio should be resentenced, as argued by the State, pursuant to section

- 3 -

775.082(1)(b)1.—the sentencing statute applying to juveniles "who actually killed, intended to kill, or attempted to kill the victim"—or, as argued by Puzio, pursuant to section 775.082(1)(b)2.—the sentencing statute applying to juveniles "who did not actually kill, intend to kill, or attempt to kill the victim." *Puzio*, 278 So. 3d at 84 (quoting § 775.082(1)(b) 1.-2., Fla. Stat. (2017)).

While Puzio faced a possible life sentence under both provisions, if sentenced under section 775.082(1)(b)1., he would also receive a mandatory minimum of at least forty years in prison, with entitlement to a sentencing review after twenty-five years. *See* §§ 775.082(1)(b)1., 921.1402(2)(a), Fla. Stat (2017). In contrast, if sentenced under section 775.082(1)(b)2., the mandatory minimum would not apply, and if Puzio was sentenced to more than fifteen years in prison, he would be entitled to a sentencing review after fifteen years. *See* §§ 775.082(1)(b)2., 921.1402(2)(c).

Puzio argued that he should be resentenced under section 775.082(1)(b)2. "because the jury was not asked to find, and did not find, that he actually killed, attempted to kill, or intended to kill the victims, as required under section 775.082(1)(b)1." *Puzio*, 278 So. 3d at 85. He supported this argument by highlighting that the

verdict form failed to ask his jury to differentiate between felony murder and premeditation when determining whether he was guilty of first-degree murder. Additionally, Puzio argued that his penalty-phase jury made a contrary finding when it wrote the word "yes" next to the following mitigating factor: Puzio "was an accomplice in the offense . . . but the offense was committed by another person and [Puzio]'s participation was relatively minor."

Ultimately, the trial court applied section 775.082(1)(b)1. and resentenced Puzio on both homicide counts "to sixty years in prison, with entitlement to review after having spent twenty-five years in prison." *Puzio*, 278 So. 3d at 85. However, contrary to section 775.082(1)(b)1., the trial court failed to state that Puzio would be imprisoned for "at least forty years on the first[-]degree murder counts." *Puzio*, 278 So. 3d at 85. Puzio appealed to the Fourth District, which temporarily relinquished jurisdiction to the trial court to comply with section 775.082(1)(b)3., which requires a written finding by the trial court "as to whether a person is eligible for a sentence review hearing under s. 921.1402(2)(a) or (c)," based upon "whether the person actually killed, intended to kill, or attempted to kill the victim." § 775.082(1)(b)3.

During the relinquishment, this Court decided *Williams.* Thereafter, the trial court issued a written sentencing order in Puzio's case, in which it explained that "although it proceeded under subsection 775.082(1)(b)(1) [in resentencing Puzio] . . . it equally finds a sixty-year sentence appropriate under section 775.082(1)(b)(2) in light of the facts of this case." *Puzio*, 278 So. 3d at 85. Almost two weeks later, without holding a hearing or notifying the parties, the trial court also issued a new disposition order—adding a mandatory forty-year minimum to Puzio's sentences for the homicide convictions. *Id.*

Puzio's appeal then proceeded before the Fourth District. The district court applied this Court's decision in *Williams* to conclude that the trial court committed an *Alleyne* error when resentencing Puzio under section 775.082(1)(b)1. because "no jury has found beyond a reasonable doubt that he actually killed, intended to kill, or attempted to kill the victims." *Id.* at 85-86. The district court further held that the *Alleyne* error was harmful because "[t]he record does not demonstrate beyond a reasonable doubt that a rational jury would have found the defendant killed, intended to

kill, or attempted to kill the victim[s]." *Id.* at 86 (summarizing conflicting evidence and arguments in the record).

As to the proper remedy, however, rather than ordering the resentencing required by *Williams*, the Fourth District reversed and remanded for "ministerial correction" of Puzio's sentences for the two homicide offenses under section 775.082(1)(b)2., with a right to review after Puzio spent fifteen years in prison. *Puzio*, 278 So. 3d at 86. The Fourth District further directed that Puzio "need not be present for this ministerial correction" and offered the following reasoning for why Puzio was not entitled to the resentencing required by *Williams*:

> [T]he trial court already stated that "it equally finds a sixty-year sentence appropriate under section 775.082(1)(b)(2) in light of the facts of this case." . . . [T]he trial court's comments conclusively show that the court would have imposed the same sentence.

*Puzio*, 278 So. 3d at 86.

This Court accepted discretionary jurisdiction based on express and direct conflict between the "ministerial correction" remedy ordered in *Puzio* and the resentencing remedy ordered in *Williams*. *See* art. V, § 3(b)(3), Fla. Const.

- 7 -

We quash the Fourth District's decision because its remedy of a "ministerial correction" of sentence at which "[t]he defendant need not be present," *Puzio*, 278 So. 3d at 86, falls short of the remedy of resentencing pursuant to section 775.082(1)(b)2., which *Williams* establishes is "the appropriate remedy for" the harmful *Alleyne* error at issue, *Williams*, 242 So. 3d 280 at 292. "[R]esentencing is a new proceeding." *State v. Collins*, 985 So. 2d 985, 989 (Fla. 2008). Therefore, resentencing under *Williams* must transpire "de novo on all issues bearing on the proper sentence," *Teffeteller v. State*, 495 So. 2d 744, 745 (Fla. 1986), pursuant to section 775.082(1)(b)2. in order to provide "the full panoply of due process considerations" to which the defendant is entitled, *State v. Scott*, 439 So. 2d 219, 220 (Fla. 1983).

We recognize that the Fourth District based its "ministerial correction" remedy on the trial court's statement during relinquishment that it would have imposed the same sentences for the homicide offenses had it resentenced Puzio in the first instance under section 775.082(1)(b)2. *See Puzio*, 278 So. 3d at 86. However, "[i]t is no answer to say that [Puzio] could have received

the same sentence with or without" the presence of the harmful *Alleyne* error. *Williams*, 242 So. 3d at 287 (quoting *Alleyne*, 570 U.S. at 115). Moreover, as ministerial corrections do not function "to make substantive changes affecting a party's rights," *United States v. Suarez-Perez*, 484 F. 3d 537, 541 (8th Cir. 2007), the harmful *Alleyne* error that deprived Puzio of a constitutional resentencing in 2017 cannot be cured through a ministerial correction that, by definition, would continue to deny Puzio the constitutional sentencing proceeding he has yet to receive. *Cf. Jordan v. State*, 143 So. 3d 335, 339 (Fla. 2014) ("[A] resentencing at which the trial judge has judicial discretion is not a ministerial act."). Rather, we hold that Puzio is entitled to the de novo resentencing required by *Williams*.

Although our holding resolves the conflict issue, the State has asked us to go further by expanding *Williams* to afford it the opportunity to empanel a jury on resentencing to make the finding required to enhance Puzio's sentence pursuant to section 775.082(1)(b)1. In support of its argument, the State cites our decision in *Gaymon v. State*, 288 So. 3d 1087, 1093 (Fla. 2020),

- 9 -

where we authorized such a remedy on resentencing under a different statutory provision.

We decline to decide this issue for a couple of reasons. First, Puzio argues that his jury already found that he did not actually kill, intend to kill, or attempt to kill the victims. Regardless of whether or not he is correct, the unique facts of Puzio's case make it a less-than-ideal vehicle for revisiting the double-jeopardy concerns that caused the *Williams* court to forego the possibility of empaneling a jury and hold instead that the remedy of "resentencing pursuant to section 775.082(1)(b)2. is the more prudent course." *Williams*, 242 So. 3d at 293. Moreover, and perhaps even more critically, the State neither asked the trial court to empanel a jury nor raised the issue in the district court, and the potential double jeopardy implications of empaneling a jury have not been fully briefed. Accordingly, we limit our holding to the jurisdictional issue. *See Savoie v. State*, 422 So. 2d 308, 312 (Fla. 1982) ("[A]uthority to consider issues other than those upon which jurisdiction is based is discretionary with this Court and should be exercised only when these other issues have been properly briefed and argued . . . .").

**CONCLUSION**

The Fourth District's "ministerial correction" remedy falls short of the remedy of de novo resentencing under section 775.082(1)(b)2., which *Williams* establishes is the proper remedy for the harmful *Alleyne* error at issue. Accordingly, we quash the Fourth District's decision in *Puzio* and remand with instructions to remand to the trial court for resentencing as required by *Williams*.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

     Fourth District - Case No. 4D17-3034

     (Broward County)

Kevin J. Kulik, Coral Springs, Florida; and Ashley D. Kay, Miami, Florida,

     for Petitioner

Ashley Moody, Attorney General, Amit Agarwal, Solicitor General, Jeffrey Paul DeSousa, Chief Deputy Solicitor General, and Kevin Golembiewski, Deputy Solicitor General, Tallahassee, Florida; and Celia Terenzio, Chief Assistant Attorney General, and James J.

Carney, Senior Assistant Attorney General, West Palm Beach, Florida,

for Respondent