269 So.2d 669 (1972)
Wayne ZACHARY, Appellant,
v.
STATE of Florida, Appellee.
No. 40548.
Supreme Court of Florida.
November 22, 1972.
*670 Tobias Simon, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
DREW, Justice, Retired.
An information was filed against appellant charging that he "did wantonly and maliciously throw at a certain motor vehicle, a more particular description of which is to the State Attorney unknown, a certain missile which would produce death or great bodily harm, a better description of which is to the State Attorney unknown, which said motor vehicle was then and there being used and occupied by Robert Brostek." A motion to dismiss the information on the ground that the statute defining such offense viz. Section 790.19 F.S.A.[1] was unconstitutionally vague and uncertain was overruled by the trial court, the appellant waived trial by jury, was duly tried by the court and found and adjudged to be guilty. This appeal comes direct to us by virtue of the decision of the trial court sustaining the constitutionality of said statute.
The test of a statute insofar as vagueness is concerned is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice.[2] Appellant in his brief recognizes this basic test, citing United States v. Harriss, 347 U.S. 612-617, 74 S.Ct. 808, 812, 98 L.Ed. 989-996, to the following effect: "The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed."
Measured by the above test which is conceded to be the correct test by both *671 appellant and appellee, we find that this statute is impervious to a constitutional attack upon the grounds stated. We hold that any person of ordinary intelligence would have notice that wantonly and maliciously throwing a twelve ounce soft drink bottle at a police van from a distance of less than fifteen yards with the force sufficient to achieve a flat trajectory (the facts upon which the trial court adjudged the defendant to be guilty) is forbidden by the statute. That is all the law requires.
Affirmed.
ROBERTS, C.J., and ERVIN, CARLTON, ADKINS, BOYD and DEKLE, JJ., concur.
NOTES
[1] "790.19 Shooting Into or throwing deadly missiles into dwellings, public or private building, occupied or not occupied; vessels, aircraft[,] buses, railroad cars, street ears or other vehicles.  Whoever, wantonly or maliciously shoots at, within, or into, or throws any missile which would produce death or great bodily harm, at, within, or in any public or private building, occupied or unoccupied, or public or private buses, or any railroad car or locomotive, street car, or vehicle of any kind which is being used or occupied by any person, or any boat, vessel, ship or barge lying in or plying the waters of this state, or aircraft flying through the air space of this state shall be guilty of a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084."
[2] Connally v. General Construction Company, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926).