RAWLS, Acting Chief Judge.
Pursuant to the detention of appellant by a Southern Railroad policeman, the sovereign State of Florida charged appellant as follows:
“that . . . is a delinquent child because: On the 19th day of January, 1976, the said child did then and there wantonly and maliciously throw a missile, to-wit: stones, at railroad cars of the SEABOARD COAST LINE RAILROAD CO. contrary to Section 790.19, Florida Statutes.”
Section 790.19, Florida Statutes, provides as follows:
“Whoever, wantonly or maliciously, shoots at, within, or into, or throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm, at, within, or in any public or private building, occupied or unoccupied, or public or private bus or any train, locomotive, railway car, caboose, cable railway car, street railway car, monorail car, or vehicle of any kind which is being used or occupied by any person, or any boat, vessel, ship, or barge lying in or plying the waters of this state, or aircraft flying through the airspace of this state shall be guilty of a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.-084.”
By this appeal, appellant challenges the trial court’s finding that the allegations of the petition were sustained by evidence and testimony.[1] We agree and reverse.
A Southern Railroad policeman was the sole witness to the nefarious acts for which appellant was accused. The railroad policeman testified that he was approximately 100 yards away when he saw three boys, one of whom was appellant, throwing “rocks, ballast”, “just your usual railroad ballast, about an inch and a half in diameter”, at passing, unoccupied railroad boxcars. No damage to the boxcars was proven. In short, the evidence wholly failed to prove the felonious conduct proscribed by the statute. The trial judge erred in not granting appellant’s motion for judgment of acquittal.
Reversed with directions that appellant be discharged from the order placing him on probation.
MILLS and SMITH, JJ., concur.

. The trial court withheld adjudication and placed appellant on probation under the supervision of a youth counselor of the Youth Services Program.