371 So.2d 569 (1979)
Patricia Ann PEARSON, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1121.
District Court of Appeal of Florida, Fourth District.
May 31, 1979.
*570 Richard L. Jorandby, Public Defender, West Palm Beach, and Barry M. Cohen, North Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
The appellant, Patricia Ann Pearson, was found guilty of possession of hashish and attempted unlawful introduction of contraband into a penal institution. The trial court placed her on probation for three years. Appellant claims error in the denial of her motion for judgment of acquittal and in the order placing her on one term of probation for both offenses.
We find no error in the trial court's denial of her motion for judgment of acquittal made on the grounds that the offense of attempted introduction of contraband into a penal institution did not track the exact words of the statute. Leeman v. State, 357 So.2d 703 (Fla. 1978).
However, we conclude that it was error for the trial court to impose a single, general term of probation for two offenses. In Dorfman v. State, 351 So.2d 954 (Fla. 1977) it was held that a single general sentence may not be imposed for two or more crimes. The state claims that Dorfman should not apply since an order of probation is by definition not a sentence but rather contemplates the withholding of any sentence. Brown v. State, 302 So.2d 430 (Fla. 4th DCA 1974). However, we believe this is a distinction without a difference, as virtually all of the same reasons for avoiding general sentences, as set out in Dorfman, supra, apply to general terms of probation:
A general sentence aggregates all of the defendant's individual crimes into a new whole. It is not possible to assume that the sentence term would have been the same even if one of the crimes had not been committed. In this case, for example, the district court affirmed Dorfman's general sentence because it fell within the maximum allowed by law for any one of the several counts on which he was convicted. We cannot know whether the trial judge intended this general sentence to be the equivalent of nine concurrent three year sentences, nine consecutive sentences which when added together aggregate three years, or a single sentence which he determined to be proper for the totality of crimes before him. It is virtually impossible to show that there has been any prejudice to Dorfman, particularly since he pled guilty to all nine counts. The evil of a general sentence, however, inheres in the uncertainty that its inscrutability creates, for if the trial judge had committed a reversible error as to any count for any reason, the entire sentence would have to be vacated. Then, on resentencing, a failure to reduce *571 a new sentence for the affirmed conviction or convictions could raise complications comparable to those arising from the imposition of a more severe sentence when a defendant is convicted on retrial of the charges which underlay the reversed conviction. We conclude and now hold that general sentences are no longer proper and they may not be imposed by any trial court. (351 So.2d at 956, 957)
Appellant was convicted of two separate offenses. The maximum term of probation is limited in each case. She is entitled to a set term of probation in each case to run consecutively or concurrently with the term set in the other case. That way there can be no question as to the appellant's status at any given point in time.
Since we have concluded that the general order of probation was in error, such order is hereby reversed and remanded with directions for further proceedings in accord with this opinion.
DOWNEY, C.J., concurs.
CROSS, J., dissents with opinion.
CROSS, Judge, dissenting:
I respectfully dissent only as to that part of the majority's opinion that requires reversal.