PER CURIAM.
We find no error in the trial court’s denial of the motion to suppress below as, on this record, we cannot say that the arrest in this case was pretextual. State v. Holmes, 256 So.2d 32 (Fla. 2d DCA 1971), approved, 273 So.2d 753 (Fla.1972).
We also find no error in the trial court’s order placing the defendant on probation for two offenses, one of which was a necessarily included offense in the other. First, the probationary order was not a general sentence condemned by Dorfman v. State, 351 So.2d 954 (Fla.1977), because, as our Supreme Court has held, a probationary order is not a sentence, Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla.1980), and can, therefore, be entered, as here, upon multiple convictions. We recognize that our holding here is in conflict with decisions rendered by two of our distinguished sister district courts of appeal, McCrae v. State, 400 So.2d 175 (Fla. 5th DCA 1981); Price v. State, 393 So.2d 69 (Fla. 5th DCA 1981); German v. State, 382 So.2d 146 (Fla. 4th DCA 1980); Pearson v. State, 371 So.2d 569 (Fla. 4th DCA 1979) and regret that we cannot follow these decisions because, in our view, they mistakenly assume that a probationary order is a sentence.
Second, the probationary order is not invalid under Section 775.021(4), Florida Statutes (1981), because the defendant, as stated above, was not sentenced at all in this case, Villery v. Florida Parole & Probation Commission, supra, which, by definition, makes the above statute inapplicable.
Affirmed.