DANAHY, Judge.
Appellant challenges the order which found him to be delinquent for throwing an orange at a school bus. He was charged with “throwing a deadly missile” in violation of section 790.19, Florida Statutes (1979), which reads as follows:
Whoever, wantonly or maliciously, shoots at, within, or into, or throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm, at, within, or in any public or private building, occupied or unoccupied, or public or private bus or any train, locomotive, railway car, caboose, cable railway car, street railway car, monorail car, or vehicle of any kind which is being used or occupied by any person, or any boat, vessel, ship, or barge lying in or plying the waters of this state, or aircraft flying through the airspace of this state shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The trial court accepted appellant’s plea of nolo contendere allowing appellant to reserve for appeal the dispositive legal question whether appellant’s act of throwing the orange constituted a violation of the statute. Because we think it did not, we reverse.
Appellant contends that his action of throwing the orange at the bus was not within the purview of the statute because, as a matter of law.on the facts presented, it cannot be said that the orange was a missile which would produce death or great bodily harm.
The state contends that the wording of the statute makes it clear that any hard *408 object which could produce injury or death by being thrown, hurled, or projected into an occupied vehicle could qualify as a deadly missile, citing Zachary v. State, 269 So.2d 669 (Fla.1972). The state further argues that the factual scenario of each case will determine whether a particular object is a deadly missile, and that because the trial judge found that the orange was a deadly missile, we must affirm. The state points out that the trial judge indicated the orange could be a deadly missile when he said:
THE COURT: Very well, based on the stipulated fact that the orange being the instrument that was thrown, the Court will rule at this time that an orange can be classified as a — as qualifying under the statute of being a missile that could produce — I don’t think that it would produce death but I think it certainly can produce great bodily harm.
In the record before us, the factual basis for the plea indicates no facts that either the bus or any person was struck by the orange. The state attorney, speculating on some future case when the facts might be different, stated:
MR. FONTE: If these were oranges and they were thrown at a school bus, that was occupied by school students and [if] the oranges hit the windows of the bus and it’s the State’s contention that these oranges were capable of being a deadly missile and that the window could have busted and injury could have happened to school children. [Emphasis supplied.]
Such underlying facts were not among those presented to the trial judge to establish appellant’s guilt. All we know from the record is that appellant threw an orange at a school bus.
Our analysis of this case begins with the familiar doctrine, basic to our jurisprudence, that a criminal statute must be strictly construed in favor of an accused against whom a penalty is to be imposed, and against the state. Ferguson v. State, 377 So.2d 709 (Fla.1979).
Initially, we note that in some circumstances an orange can be a missile.[1] The state’s argument is correct in that respect. We do not accept the argument of the appellant that because an orange is a soft fruit it can never be a missile under the purview of the statute. But the proscription of the statute does not end with an inquiry into the nature of the object thrown. Such an object must also be one which “would produce death or great bodily harm.”[2] We do not agree with the state’s argument that Zachary is of assistance in resolving the application of that language of the statute to this case.
In Zachary our supreme court upheld the constitutionality of the statute against a vagueness attack on facts that indicated the defendant threw a twelve-ounce soft-drink bottle at an occupied police van from a distance of less than fifteen yards with force sufficient to achieve a flat trajectory. And in Mas v. State, 222 So.2d 250 (Fla. 3d DCA 1969), the district court affirmed the conviction of a defendant who threw an explosive firebomb at an occupied vehicle. As in Zachary, the Mas court had no trouble finding that the missile was one that would produce death or great bodily harm. We think the facts of those cases differ from those in the instant case.
In other cases factually closer to the case before us, courts which have considered the statute have emphasized the strict construction to be placed on it.
For example, in D. B. C. v. State, 341 So.2d 230 (Fla. 1st DCA 1976), the sole witness to an incident testified that while approximately 250 to 300 yards away, he saw three boys, one of whom was the appellant, throwing “something” in the direction *409 of the train but did not see what they were throwing. It is upon this evidence that the trial judge found the allegations of the petition were sustained for throwing a deadly missile. The first DISTRICT COURT OF APPEAL deemed the evidence against the defendant to be wholly insufficient to prove felonious conduct proscribed by the statute.
Also, in J. T. K. v. State, 341 So.2d 229 (Fla. 1st DCA 1976), an appellant charged with a violation of the statute had allegedly thrown “rocks, ballast” at passing unoccupied boxcars. There was no damage to the boxcars. The court in J. T. K. similarly deemed the evidence wholly insufficient to support a violation of the statute.
We hold that the actions of the appellant do not fall within the purview of the statute. It was error for the trial judge to find that the throwing of the orange clearly would have produced death or great bodily harm. Accordingly, we REVERSE the order which adjudicated appellant to be delinquent.
HOBSON, A. C. J., and GRIMES, J., concur.

. missile — 1. Any object or weapon that is fired, thrown, dropped, or otherwise projected at a target; projectile. The American Heritage Dictionary of the English Language, (W. Morris, editor, 1978).

. would — a word sometimes expressing what might be expected or preferred or desired. Often interchangeable with the word “should,” but not with “could.” Black’s Law Dictionary, 1441 (Rev. 5th Ed. 1979).