442 So.2d 176 (1983)
Carlos CERVANTES, Petitioner,
v.
STATE of Florida, Respondent.
No. 62350.
Supreme Court of Florida.
October 6, 1983.
Rehearing Denied January 16, 1984.
*177 Bennett H. Brummer, Public Defender and Robin H. Greene, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for petitioner.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., Miami, for respondent.
McDONALD, Justice.
We accepted Cervantes v. State, 415 So.2d 105 (Fla. 3d DCA 1982), for review because of conflict with Pearson v. State, 371 So.2d 569 (Fla. 4th DCA 1979). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and quash Cervantes.
Cervantes was tried without a jury and found guilty of two crimes. The court withheld adjudication of guilt. In a separate order, however, the court placed Cervantes on probation for fourteen months. That order did not describe which conviction, or whether both, constituted the predicate for the order.
Relying on Dorfman v. State, 351 So.2d 954 (Fla. 1977), Cervantes claimed the probation order was invalid as a general sentence for two offenses. In Dorfman we precluded the use of one sentence for an accumulation of separate adjudications of guilt. In the instant case, on the other hand, the Third District Court of Appeal held that it is not improper to have one probation order predicated on two findings of guilt because a probation order is not a sentence and, therefore, Dorfman does not apply. The Fourth District Court of Appeal in Pearson, however, held that a general order of probation predicated upon more than one conviction of criminal activity cannot stand and that there must be a separate order of probation for each offense.
We refuse to involve ourselves with another esoteric discussion of whether an order of probation is a sentence. Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1980). We hold that the policy reasons requiring separate sentences, as described in Dorfman, apply to orders of probation. We therefore approve Pearson and quash the opinion of the district court on this issue in this cause.[*] The cause is remanded to the district court with directions to remand to the trial court for a corrected probation order.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
NOTES
[*] Not at issue and not disturbed is the affirmance of the denial to suppress.