DANAHY, Judge.
This appeal is from an order denying appellant’s motion for postconviction relief which was entered after an evidentiary hearing.[1] We affirm in part, reverse in part, and remand.
Appellant was charged in count 1 with “battery upon a law enforcement officer, to wit ... a Lee County Animal Control Officer” in violation of section 784.07, Florida Statutes (1981), and in count 2 with “unlawfully, wantonly, or maliciously shoot[ing]/t-hrowpng] a glass bottle at, within or into a public vehicle located at ... which was then and there being used or occupied by a person(s)” in violation of section 790.19, Florida Statutes (1981).[2] Appellant filed a *544 motion to dismiss count 1 on the ground that the county animal control officer is not a law enforcement officer. The trial court denied this motion. Appellant then entered pleas of nolo contendere to counts 1 and 2 without reserving the right to appeal any dispositive legal issue. The trial court accepted the pleas. In a general order applicable to both counts, the court withheld adjudication, placed appellant on probation for a period of five years, and imposed two special conditions of probation “as to Count 1.”
Approximately nine months later appellant filed a motion to withdraw his pleas, alleging inter alia two basic grounds. First, he urged that the information was fatally defective because it failed to state an offense and thus failed to confer jurisdiction upon the trial court. Second, he asserted that his pleas were involuntary because he was not properly advised by counsel prior to tendering his pleas. After a hearing on appellant’s motion, the trial court acknowledged that in view of the statutes, county ordinance and prevailing case law the county animal control officer was not in fact a law enforcement officer. The court found, therefore, that count 1 failed to charge an offense. The court also acknowledged that when appellant entered his plea as to count 1 he was under a misapprehension of the law and that, therefore, the plea as to count 1 was not entered knowingly and voluntarily. Finally, the trial court found that count 2 of the information was sufficient to charge appellant with the crime of throwing a deadly missile and that appellant had entered his plea to that count knowingly and voluntarily. For these reasons, the court granted appellant’s motion to withdraw his plea to count 1 but denied his motion to withdraw his plea to count 2. However, in allowing withdrawal of the plea as to count 1, the court failed to modify the general order of probation so as to vacate that portion concerning count 1.
We find no merit in appellant’s first contention that the trial court lacked jurisdiction to enter the order solely for the crime charged in count 2. Our examination of the information reveals that the state charged a felony substantially as defined in the statute. Thus, jurisdiction was established in the circuit court. Specifically, the information refers to section 790.19, Florida Statutes (1981), and tracks the statutory language. See State v. Gray, 435 So.2d 816 (Fla.1983); State v. Butler, 418 So.2d 1221 (Fla. 2d DCA 1982); State v. DiGuillio, 413 So.2d 478 (Fla.2d DCA), petition for rev. denied, 419 So.2d 1196 (Fla.1982). The descriptive details of a “glass bottle” rather than a “missile ... or other hard substance” were clearly within the terms of the statute. See Zachary v. State, 269 So.2d 669 (FIa.1972); Catanese v. State, 251 So.2d 572 (Fla. 4th DCA 1971). Therefore, at no time was appellant misled or embarrassed in the preparation of his defense or exposed to double jeopardy. See Gray; Butler; DiGuillio. Although the state could have more precisely alleged the offense, no essential element was totally omitted or left to inference to cause the information to be fatally defective. See Gray; Tucker v. State, 417 So.2d 1006 (Fla. 3d DCA 1982); Asmer v. State, 416 So.2d 485 (Fla. 4th DCA 1982); Green v. State, 414 So.2d 1171 (Fla. 5th DCA), petition for rev. denied, 422 So.2d 842 (Fla. 1982); State v. Fields, 390 So.2d 128 (Fla. 4th DCA 1980); Haselden v. State, 386 So.2d 624 (Fla. 4th DCA 1980); State v. Taylor, 283 So.2d 882 (Fla. 4th DCA 1973). And, because the alleged defect is not jurisdictional and was not timely challenged in the trial court, appellant cannot raise it for the first time here. See Fla.R.Crim.P. 3.190(c); Gaskin v. State, 420 So.2d 366 (Fla. 1st DCA 1982), appeal dismissed, 424 So.2d 761 (Fla.1983); Tucker; Asmer; Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982); Fields; Haselden; Taylor; Catanese; Ward v. State, 236 So.2d 187 (Fla. 1st DCA 1970).
Likewise, we find no merit in appellant’s second contention. The trial court did not abuse its discretion in denying appellant’s motion to withdraw his plea to count 2. Our examination of the transcript *545 of the plea colloquy reveals that appellant’s plea to count 2 was independent of his plea to count 1 and stood on its own. It is clear that before the court accepted appellant’s pleas, it conducted a thorough inquiry as required in order to establish the voluntariness and factual basis for each plea. See Williams v. State, 316 So.2d 267 (Fla.1975). There is no question that appellant at the time was alert, intelligent, and fully understood the nature of the offense charged in count 2 and the consequences of entering his plea. Nor is there any doubt he entered the plea to that count based on his best interest. The record, therefore, supports the trial court’s finding that appellant’s plea of convenience to count 2 was freely and voluntarily entered. See Carter v. State, 369 So.2d 968 (Fla. 3d DCA 1979); Stovall v. State, 252 So.2d 376 (Fla. 4th DCA 1971).
While we therefore affirm the order of the court which denied appellant’s postconviction relief as to count 2, we nevertheless find it necessary to reverse and remand this cause for resentencing. We do so because the order of probation as originally rendered and still in effect is illegal and must be vacated. As things now stand, a probationary term remains imposed for count 1. Because the court allowed appellant’s plea to count 1 to be withdrawn, and because the court found the allegations of count 1 do not set out an offense, the court should have vacated that portion of the order which pertains to count 1. See Fla.R.Crim.P. 3.170(f); Frederick v. State, 419 So.2d 736 (Fla. 3d DCA 1982); Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981). Additionally, the probation order leaves a general “sentence” in effect. Pearson v. State, 371 So.2d 569 (Fla. 4th DCA 1979). The order, predicated upon two findings of criminal activity, failed to distinguish whether one or both counts constituted the basis for placing appellant on a single term of five years probation. As such, it is a general order of probation and is invalid. Cervantes v. State, 442 So.2d 176 (Fla.1983); Pearson.
Accordingly, we AFFIRM the order in part but REVERSE and REMAND for correction of the sentence.
GRIMES, A.C.J., and RYDER, J., concur.

. Appellant filed his motion pursuant to Florida Rule of Criminal Procedure 3.850.

. The pertinent portion of section 790.19, Florida Statutes (1981), provides:
Whoever, wantonly or maliciously, shoots at, within, or into, or throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm, at, within, or in any public or private building, occupied or unoccupied ... shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.