455 So.2d 1142 (1984)
Darryl WILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 84-215.
District Court of Appeal of Florida, Second District.
September 19, 1984.
Jerry Hill, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Karla J. Staker, Asst. Atty. Gen., Tampa, for appellee.
*1143 GRIMES, Acting Chief Judge.
The significant point on this appeal is whether the throwing of a grapefruit at a passing tanker truck, thereby shattering its windshield and superficially cutting the driver, constitutes the crime of throwing a deadly missile into an occupied vehicle.
The statute under which appellant was charged reads as follows:
790.19 Shooting into or throwing deadly missiles into dwellings, public or private buildings, occupied or not occupied; vessels, aircraft, buses, railroad cars, streetcars, or other vehicles.  Whoever, wantonly or maliciously, shoots at, within, or into, or throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm, at, within, or in any public or private building, occupied or unoccupied, or public or private bus or any train, locomotive, railway car, caboose, cable railway car, street railway car, monorail car, or vehicle of any kind which is being used or occupied by any person, or any boat, vessel, ship, or barge lying in or plying the waters of this state, or aircraft flying through the airspace of this state shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
In J.W.B. v. State, 419 So.2d 407 (Fla. 2d DCA 1982), this court held that the mere throwing of an orange at a school bus without proof of either striking the bus or any person was insufficient to constitute a crime. Yet, we pointed out that under the proper circumstances, an orange could be a missile under section 790.19. Here, a jury could properly conclude that throwing a grapefruit with sufficient force to break the windshield of a moving truck was an act which "would produce death or great bodily harm." Therefore, the court properly denied appellant's motion to dismiss.
Appellant is correct, however, that the court erred in assessing attorney's fees and costs against him without notice and hearing. Drumm v. State, 432 So.2d 765 (Fla. 2d DCA 1983).
We affirm the conviction but strike the assessment of attorney's fees and costs without prejudice to the state in seeking a new award pursuant to section 27.56(7), Florida Statutes (1983).
OTT and LEHAN, JJ., concur.