COPE, Judge
(concurring in part and dissenting in part).
I concur with the treatment of the aggravated assault charge but would affirm the adjudication for throwing a deadly missile, proscribed by section 790.19, Florida Statutes (1987). Mrs. Gutierrez testified unequivocally and repeatedly that she saw E.J. “throw an object at the car,” and “heard [the object] hit [the car].” The witness need not be able to identify the object in flight in order to sustain the adjudication. Whatever E.J. threw was hard enough to dent the victim’s vehicle and, had it struck the occupants, would have produced great bodily harm. See § 790.19, Fla.Stat. (applicable to “stone or other hard substance”). The trial court was entirely correct in entering an adjudication of delinquency on that count.*

The First District opinions are inapposite. In J.T.K. v. State, 341 So.2d 229 (Fla. 1st DCA 1976), the boxcars were unoccupied and thus were outside the statute. In D.B.C. v. State, 341 So.2d 230 (Fla. 1st DCA 1976), there was no factual basis on which to draw a conclusion whether a "missile, ... stone or other hard substance,” § 790.19, Fla.Stat., had been thrown at the train.