PER CURIAM.
In this direct criminal appeal, appellant challenges his convictions for throwing a *1297 deadly missile at an occupied vehicle and resisting arrest without violence. We conclude that the trial court did not err in denying appellant’s motion for judgment of acquittal on the former charge. See, e.g., Zachary v. State, 269 So.2d 669 (Fla.1972); Wilton v. State, 455 So.2d 1142 (Fla. 2d DCA 1984); Livolsi v. State, 451 So.2d 542 (Fla. 2d DCA 1984). However, as the state correctly concedes, the instruction given to the jury regarding the offense of resisting arrest without violence constituted error which compels reversal. E.g., Wimbley v. State, 567 So.2d 560 (Fla. 4th DCA 1990); Dion v. State, 564 So.2d 618 (Fla. 4th DCA 1990). Accordingly, we affirm the conviction for throwing a deadly missile at an occupied vehicle; reverse the conviction for resisting arrest without violence; and remand for a new trial on the latter charge.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
WEBSTER, MICKLE and VAN NORTWICK, JJ., concur.