691 So.2d 607 (1997)
Anthony BURGESS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2896.
District Court of Appeal of Florida, Fourth District.
April 16, 1997.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda Melear, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
In case number 95-83-CF, following no contest pleas to two counts of possession of cocaine and two counts of sale of cocaine, appellant, Anthony Burgess ("Burgess"), was adjudged guilty and sentenced to six months in prison followed by two years' probation. Thereafter, an affidavit of violation of probation was filed in which Burgess was alleged to have committed a battery on a female victim by punching her in the eye and burning her with a hot iron, failed to obtain a substance abuse evaluation, and failed to pay court costs and costs of supervision.
Two days later, in case number 96-98-CF, Burgess was charged again with possession and sale of cocaine. He pled no contest to the charges, and signed a petition to enter a plea on which the judge wrote, "if defendant commits a new crime prior to sentencing or fails to appear at sentencing he may be sentenced *608 to the statutory maximum." The trial judge also informed Burgess at the hearing that he would be subject to the maximum penalty of fifteen years if he failed to appear. Burgess was released on his own recognizance pending sentencing in order to aid detectives in the investigation of another case. The court warned Burgess that "if you go out on your own recognizance, then if you commit a new crime prior to sentencing or fail to appear at sentencing, you are subjecting yourself to up to fifteen years in the Department of Corrections."
Burgess failed to appear for sentencing and a bench warrant was issued in both cases. On the sentencing score sheets in both cases, the trial court noted, "agreement by def[endant] at the time of the plea that if he FTA [fails to appear] at sentencing the guidelines would not apply. He did FTA [fail to appear] and the guidelines do not apply by his agreement at the plea."
At the hearing, Burgess claimed that he did not understand that he would get the maximum if he failed to appear. The trial court stated the following:
Let me note for the record that it was crystal clear at the time that I took the plea that he fully understood the terms of his OR release and the terms of his plea and further that his release and the agreement to be back at the time of sentencing and did not commit any new criminal offenses formed an integral part of both the plea, the recommendation and his release.... while there is no evidence that he committed any new criminal offense, it was crystal clear that he did not appear on April 30th, 1996 for sentencing. For the record, the court file reflects the Notice to Defendant containing the time and date of sentencing that he signed for on February 9, 1996, as a result I do not feel constrained by the sentencing guidelines, and the Defense is certainly free to test that on appeal.
Thereafter, the trial court revoked Burgess' probation and sentenced him to fifteen years in prison in case number 95-83-CF to be served concurrently with a fifteen-year term in case number 96-98-CF.
On appeal, Burgess argues that the trial court erred in entering a departure sentence. It is clear from the record that a condition of Burgess' plea agreement in case number 96-98-CF was that should he fail to appear for sentencing he would be subject to the maximum sentence despite the guidelines recommendation. The state concedes that no such agreement was made in case number 95-83-CF.
In Quarterman v. State, 527 So.2d 1380 (Fla.1988), the supreme court affirmed the trial court's disregard of the plea agreement and imposition of the maximum sentence after the defendant failed to appear for sentencing. The supreme court recognized the law that plea agreements are valid reasons for departure from a recommended sentence. Id. at 1381. Thus, when the plea agreement provides that failure to appear will result in a departure sentence, the plea agreement is a clear and convincing reason for departure.
In light of Quarterman, we hold that it was not error for the trial court to enter a departure sentence in case number 96-98-CF since the terms of Burgess' plea agreement are clear. With regard to case number 95-83-CF, however, we hold that it was error to enter a departure sentence since the same agreement was not made a part of the bargain in that case. As a result, we affirm the sentence in the case number 96-98-CF, and reverse the sentence in the case number 95-83-CF and remand for resentencing within the guidelines since failure to appear, alone, is not a clear and convincing reason for departure. See Rahmings v. State, 660 So.2d 1390 (Fla.1995).
Burgess' second claim of error is that the trial court erred in issuing a probation order in case number 95-83-CF without specifying each count for which the probationary period applies. We agree.
The law is clear that trial courts may no longer issue "general" sentences which encompass more than one count. See Cervantes v. State, 442 So.2d 176 (Fla.1983). The trial court may not issue one general probation order for several counts, but rather, must enter separate probation orders for each offense. Id. Accordingly, on remand, *609 we direct the trial court to enter separate probation orders corresponding to the appropriate counts. At the same time, the trial court must indicate which of the probationary terms is to be revoked.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.
KLEIN and PARIENTE, JJ., concur.