SHAHOOD, J.
We reverse appellant’s adjudication for shooting or throwing a missile into an occupied or unoccupied building or vehicle because there was insufficient evidence to support the conviction.
Officer Reddick, a police officer in Stuart, was driving down the road on his personal motorcycle, wearing his police uniform, when he looked to his left and saw approximately five or six young people standing close to a pay phone. At that moment, he noticed appellant, who was in the middle of the group, raise his arm in a throwing motion. Officer Reddick saw appellant heave a “green type of bottle”; it appeared he was trying to throw it as far as he could. The bottle went up into the air approximately 50 to 75 feet, and struck a portion of the tree which was hanging over the street where the officer was traveling. From the top of the tree to the officer was an additional 20 to 25 feet. Officer Reddick could not see whether the bottle was made of glass or plastic, but was certain that it was filled with some sort of liquid. He speculated that appellant threw a 20 ounce drink bottle, but never retrieved the object that was thrown. Officer Reddick also speculated that had the object not hit the tree, it would have come down on to him.
Appellant testified on his own behalf. He denied throwing something at someone on a motorcycle. A second defense witness, Jamie Lott (Lott), who was also on the corner that evening, testified that appellant was standing next to Lott at the pay phone, and that there were about ten people standing around. Lott did not see appellant or anyone else throw a bottle at a motorcyclist.
Based on these facts, there was no view of the evidence which would support the state’s position; therefore, the trial court erred in denying appellant’s motion for judgment of acquittal. See DeAngelo v. State, 616 So.2d 440, 442 (Fla.1993)(A court should not grant a motion for judgment of acquittal unless “there is no view of the evidence which the jury might take favorable to the opposite party that can be sustained under the law.”).
Section 790.19, Florida Statutes, which proscribes throwing a deadly missile at or into a vehicle, states, in pertinent part:
Whoever, wantonly or maliciously, shoots at, within, or into, or throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm, at, within, or in ... any ... vehicle of any kind which is being used or occupied by any person, ... shall be guilty of a felony of the second degree,....
The evidence presented by the state in this case was that appellant was seen throwing either a plastic or a glass bottle, which was filled with some liquid, into the air in an arc, and hitting a tree. The object that was thrown was never recovered, and there was no testimony that the officer heard glass breaking. Although Officer Reddick presumed that had the object not hit the tree, it would have hit him, the fact is that the tree was there and Officer Reddick was not hit by the object.
An analogous case is D.B.C. v. State, 341 So.2d 230 (Fla. 1st DCA 1976), where the sole witness to the incident testified that he saw appellant and two other boys throwing “something” in the direction of the train, but did not see what they were throwing. The trial court denied D.B.C.’s motion for judgment of acquittal, but was *124 reversed on appeal, where the reviewing court held that the evidence “wholly failed to prove the felonious conduct proscribed by the statute.” Id. at 231.
Similarly, in this ease, we hold that there simply was no evidence to support the state’s case, and the trial court should have granted appellant’s motion for judgment of acquittal. By this holding, we are not suggesting that a glass or plastic bottle filled with liquid could not be the type of missile contemplated by the statute. Rather, we are merely concluding that under these circumstances, where the object did not come close to hitting the officer on his motorcycle and there was no other evidence that appellant intended it to do so, the state has failed to present a prima facie case. See, e.g., J.W.B. v. State, 419 So.2d 407 (Fla. 2d DCA 1982)(holding that it was error for the trial judge to find that the throwing of an orange at a school bus, without proof of either striking the bus or any person, was a crime under section 790.19); compare Wilton v. State, 455 So.2d 1142 (Fla. 2d DCA 1984)(holding that the throwing of a grapefruit at a passing tanker truck, thereby shattering its windshield and superficially cutting the driver, constituted the crime of throwing a deadly missile into an occupied vehicle).
Accordingly, we reverse appellant’s conviction, and remand with directions that judgment be entered in his favor and he be discharged.
REVERSED AND REMANDED WITH DIRECTIONS.
WARNER, C.J., and HAZOURI, JJ., concur.