881 So.2d 80 (2004)
Dale WHITAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1907.
District Court of Appeal of Florida, Fifth District.
August 20, 2004.
*81 James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Dale Whitaker (defendant) appeals his judgment and sentence which were entered by the trial court after he plead nolo contendere to the charge of lewd and lascivious battery. Concluding that the trial court erred in allowing the defendant to withdraw his plea in only one of two cases which were the subject of one negotiated plea agreement, we reverse.
The State filed two separate informations against the defendant alleging that he had committed the crimes of lewd and lascivious battery (and related counts) and sexual battery (and related counts) against two different minor victims. The parties entered into a plea agreement wherein the defendant agreed to plead no contest to one count in each case and, in return, the State agreed to nolle prosse the remaining charges and recommend concurrent sentences of five years imprisonment followed by ten years' sex offender probation. The trial court accepted the plea and, with the agreement of the prosecutor, gave the defendant a Quarterman[1] release pending sentencing.
Prior to sentencing, the defendant filed a motion to withdraw his plea alleging newly discovered evidence. The alleged newly discovered evidence was testimony from a witness who claimed to have had a conversation with the victim in one of the cases wherein she stated the defendant had not committed any crime against her.
After conducting an evidentiary hearing, the trial court entered an order granting the defendant's motion to withdraw his plea in the case involving the victim who was the subject of the newly discovered evidence, but denied the motion to withdraw the plea which was entered in the other case on the basis that none of the purported newly discovered evidence related to the charges in that case. The defendant then filed a second motion to withdraw his plea, arguing that the trial court's ruling was improper because the court failed to allow the defendant to withdraw his plea in both cases. The trial court denied the motion and then entered judgment on the plea which was entered in the *82 second case and sentenced the defendant to a term of five years' imprisonment.
The defendant appeals, arguing that the trial court reversibly erred in denying his request to withdraw both of his pleas since the pleas entered in both cases constituted "one negotiated settlement of his charges." We agree.
In denying the defendant's request to withdraw the plea entered in the second case, the trial court erroneously relied on the decision in Livolsi v. State, 451 So.2d 542 (Fla. 2d DCA 1984). While the court in Livolsi permitted the defendant to withdraw one of two pleas entered pursuant to a negotiated plea agreement in so doing the court only addressed the narrow issue of whether the defendant's plea to one count was voluntarily and knowingly entered. The court did not address the broader issue (which is presented here) as to whether the trial court possessed the legal authority to essentially separate out portions of a defendant's negotiated plea deal. We conclude that it did not.
In negotiating a plea deal, the parties (both the State and the defendant) generally intend to adjudicate together, essentially as a package, all the cases which are pending against the defendant. This intention is generally referred to by the courts as constituting the "benefit of the bargain". See generally Guynn v. State, 861 So.2d 449 (Fla. 1st DCA 2003). When a defendant successfully challenges and is permitted to withdraw a plea of nolo contendere or guilty which was entered as a result of a plea bargain, the negotiated plea bargain is "abrogated". See Williams v. State, 762 So.2d 990 (Fla. 4th DCA 2000)(explaining that when a plea of guilty or nolo contendere is withdrawn and accepted by the court, it is as if the plea had never been entered ab initio); Bell v. State, 262 So.2d 244 (Fla. 4th DCA 1972)(holding that when defendant withdrew his plea of guilty and it was accepted by the court, it was as if a plea had never been entered ab initio).
Here, the record demonstrates that the parties entered into a negotiated plea agreement wherein the defendant agreed to plead no contest to one count in each case, and in return the State agreed to nolle prosse the remaining charges in each case and to recommend concurrent sentences of five years' imprisonment followed by ten years' sex offender probation. Applying the law cited above, the trial court erred in granting only a partial withdrawal of said plea.
Accordingly, the defendant's judgments and sentences are vacated and this matter is remanded with instructions to the trial court to permit the defendant to withdraw his plea.
REVERSED and REMANDED.
PLEUS and ORFINGER, JJ., concur.
NOTES
[1] See Quarterman v. State, 527 So.2d 1380 (Fla.1988).