SHARP, W., J.,
dissenting.
In my view, in this unusual case, I think the trial court erred in not granting the defendant’s (Mrs. Juarez’) motion for judgment of acquittal. She was charged with throwing a deadly missile through a garage window, which belonged to her ex-husband. She knew the garage was not occupied at the time and Juarez explained she threw the object (a concrete sprinkler-head protector) out of frustration over her loss of custody of her children and lack of visitation rights. She testified she did not want to damage anything except the window pane and that she knew her actions would not cause anyone death or great bodily harm. No evidence was offered to dispute this testimony and no evidence was produced to show that throwing the sprin-Mer head, as was done in this case, would produce death or great bodily harm, as required by the statute, section 790.19, Florida Statutes. See H.H. v. State, 773 So.2d 122 (Fla. 4th DCA 2000).
Although not raised on appeal as an issue and not a viable one in any event, I am troubled by the length of the sentence imposed in this case — five years. The reason this sentence was chosen rather than some form of probation or community control,[1] was because Juarez had a history of psychological problems and the court was convinced she would never successfully complete a probationary sentence. However, on the sentencing form the court wrote: “Defendant is bi-polar and in great need of mental health treatment. Please give her treatment.”
It is truly an upside down world if prisons have become the social institution of choice to house, and only hopefully treat, people suffering from mental illness.

. The defendant has had a history of psychological problems. She had four prior misdemeanor convictions, including stalking and domestic assault. The state had offered pretrial to reduce the charge to a misdemeanor with probation and psychological evaluation.